# Lessee of Jacob Burkhart and Henry Willis *against* Eonst Row and John Bucher.

Though the plaintiff in ejectment cannot compel two defendants having several interests to submit to a joint trial, yet the latter may conclude themselves by a joint appearance and plea.

Where a point has been determined by the Circuit Court, it can only come before the Supreme Court in Bank, upon appeal.

THIS cause was marked for trial at the spring circuit for York county. Mr. Hopkins in behalf of Bucher one of defendants, *moved, that he should be separated from the other defendant Row, and that the plaintiff should file a declaration against each defendant, so that the suits might be tried separately. Their freeholds are distinct ; they claim under different conveyances ; and this strong circumstance attends the case of Bucher, that he has made very valuable improvements on the lands in his possession. The connecting of both defendants in one declaration, was the act of the plaintiff ; but he

[Willis's Lessee *v*. Row et al.]

ought to derive no advantage therefrom. It is true, that M. Barber entered his appearance for both defendants in the common pleas, when the declarations were returned served on the defendants in possession. This he did improvidently; but he was not retained by Bucher, nor instructed to appear for him; and his mistake ought not to injure Bucher. Where there are several defendants, to whom the plaintiff delivers declarations in ejectment, who are severally concerned in interest, the court will not permit the plaintiff, on his motion, to join them in one declaration, because each defendant must have a remedy for his costs. Runington's Eject. 73. 2 Keb. 524, 531. Medlicot *v*. Bruester.

The motion was opposed by Mr. Duncan, *pro quer*.

The lands claimed by both defendants, are parts of the same original survey, held under the same title by the plaintiff and by the defendants also, though they may have different conveyances from the same person, who was tenant in tail, and sold without suffering a common recovery. If any equitable circumstances have occurred since, which may distinguish their pretensions, they will not be precluded from shewing them respectively, on the trial. The application comes too late after a general appearance for both defendants, and joint pleas put in; though the attorney has been ungraciously censured by Bucher for preventing judgment to go against him by default. The nature of costs in this state differs from the practice in England, where each party regularly pays the officers, as they proceed in. the suit. But it cannot be pretended, that Bucher would not have a remedy against the lessors of the plaintiff, for his legal costs, if they should fail as to him, and succeed as to Row. Be this as it may. The point now before the court, was decided at the Circuit Court on the 21st April last, on argument, by SMITH and BRACKENRIDGE, justices. The court then observed, that the motion should have been made in the common pleas originally. As this was not done, but the defendants have appeared by the same attorney, and pleaded jointly, and in that state it has come up, the suit could not be separated. At the trial, each defendant may take his several defence for the lands in his own possession; and by these means neither of them will be affected by any conduct of *his co-defendant. This *136] decision remains in full force, and unappealed from.

*Per Curiam.* We see no hardship or inconvenience in this case, to which Bucher will be subjected by a joint trial. Though the plaintiff cannot compel defendants severally concerned in interest, to submit to a joint trial, yet the latter may conclude themselves by their own act. Both, or either of the defendants have a remedy for their legal costs, in case of success. However, as the Circuit Court have already given their decision on the point, it can only come regularly before us, on an appeal duly made.

[Cochran et al. *v.* Cummins, et e contra.]

Cited in 7 Watts 407 in support of the decision that in an action of ejectment against several defendants who pleaded jointly, a judgment of nonsuit may be given against the plaintiff after the death of one of the defendants, without a substitution of his representative.

Cited in 3 Wh. 191 to show that though a plaintiff cannot compel defendants having several interests in different properties, to submit to a joint trial, yet defendants may conclude themselves by their own act in pleading jointly; yet each may show title to all or part, and both or either may recover his costs in case of success.