Spenoer., J.
It appears, by the case, that there were five tenants in possession of the land .to which the plaintiff claimed title. Three of the defendants occupied part of the lands jointly, but Samuel and Silas Hazen each possessed separate and distinct parcels of the premises. The question isj whether judgment is to bo rendered against all the defendants in consequence of their entering into *441 the cousent rule, and pleading jointly, or whether against such only as had a joint possession. The only case which seems to warrant a general judgment against all the defendants, is that of Claxmore v. Searle and others,* which, states the practice tobe, that where some of the defendants appear at the trial, and confess lease, entry, and ouster, and the others do not, that with regard to such as do not appear, a verdict is to be entered, endorsing on the postea, that it is for their not appearing to confess, upon which, as to them, the lessor obtains judgment against the casual ejector, and takes execution for the lands in their possession. This rule of practice docs not, I think, decide the question now presented to the court. The rule does not proceed on the principle arising in this case ; nor does it necessarily follow, that the rule contemplated distinct possessions, as to those who did not confess. In many respects there is an analogy between actions of ejectment and trespass, and, perhaps, in all respects, except as to the quantity of interest necessary to maintain the one or the other. In an action of trespass against several, it would not be competent for the plaintiff to give in evidence the distinct acts of the individuals, without showing, also, that such acts were in pursuance of a concert and agreement among all the defendants; then, and in that case only, would all be responsible for the act of each,
It can be no answer to say that the consent rule and defence were joint. The plaintiff having charged a joint ejectment and trespass, the defendants, by uniting in their defence, deny the plaintiff’s allegation, that they had jointly withheld him from his possession. In this view of the case, the defendants, Samuel and Silas Hazen, are entitled to judgment; and I am the more induced to this conclusion, from considering the situation of the defendants, if sued for mesne profits; for then, without reference to the periods when the defendants severally *442 same into possession, and how long each one had occupied, they would be all answerable for the longest time that any one of them had been in possession. It is extremely difficult to say what ought to be the rule of damages in such a case, and, on any conceivable rule, would be manifest injustice and confusion.
Kent, Ch. J. and Van Ness, J. were of the same ■opinion.
Thompson, J., not having heard the argument, gave no opinion.
Judginent only against the defendants holding jointly.

 1 Ld. Raym. 729.