Irish and another *against* Scovil.

IN ERROR.

1813.

*Sunbury,*
*Wednesday,*
June 9.

THIS was an ejectment in the Common Pleas of *Luzerne* county, by *Scovil,* the plaintiff below, against *Job Irish,* for a tract of land within the township of *Claveracke,* one of the seventeen townships. The statement of the plaintiff was filed before the return day of the writ against *Irish:* the sheriff afterwards returned the writ served as to *Irish,* and also as to *Samuel Needham,* whom he had found in possession, and summoned as defendant.

The issue being joined upon *not guilty,* the plaintiff gave in evidence a patent from the Commonwealth to himself, dated the 13th of *July* 1809, for 189 acres and 120 perches, in the above-mentioned township, being the land in dispute. He then read the return of the sheriff to prove the defendants' possession, and rested his case.

The defendants, to maintain the issue on their part, gave in evidence a certified copy of a certificate under seal, granted by the commissioners appointed to carry into effect the provisions of the act of 4th *April* 1799 and its supplements, to *Scovil,* dated the 21st of *January* 1804, for lot No. 4, in *Claveracke,* containing 189 acres 120 perches, and then offered to give in evidence a deed from *Scovil* to one *John Brown,* dated the 7th of *November* 1805, and purporting to have been acknowledged on the same day before a justice of the peace for *Luzerne* county, which deed included the land in question, and also other land not within the seventeen townships, but within the county of *Luzerne;* but it contained no recital of or reference to any title from the Commonwealth of *Pennsylvania,* or the late proprietaries before the 4th of *July* 1776. The Court rejected the deed, and sealed a bill of exceptions.

The errors insisted upon, were, 1. the rejection of the deed of 7th *November* 1805; 2. a variance between the statement or declaration, and the verdict and judgment; the statement being against *Job Irish* only, and the verdict and judgment against *Job Irish* and *Samuel Needham.*

*Held,* that the statement was right; and that if the name of the other defendant should be added, it might be done after verdict and judgment below, and this Court would consider it as done.

A deed conveying land within the seventeen townships which has been submitted according to the provision of the act of 4th *April* 1799, and also land lying out of the townships, and to which no title was recited to be derived from the Commonwealth, or the proprietaries before the 4th *July* 1776, is good as to the land within the townships, though bad as to the residue. But it being the intention of the act of 6th *April* 1802, to prohibit the recording of any deed for land under the *Connecticut* title (with the exception of land within the townships, submitted under the act of 1799) the acknowledgment of such a deed for land of both descriptions is wholly void, and cannot be given in evidence, even as to the land within the townships. Statement in ejectment against one defendant, filed before the first term: afterwards the sheriff according to the command of his writ summoned as defendant another person found in possession.

*Hall* and *Duncan* for the plaintiffs in error.

*Burnside* and *Beelas* for the defendant in error.

Tilghman C. J. The deed from *R. Scovil*, the plaintiff below, to *John Brown*, which was offered in evidence by the defendants, and rejected by the Court, contained a conveyance not only of the land in dispute, which lies within the township of *Claveracke*, (one of the seventeen townships) and had been submitted according to the provision of the act of 4th *April* 1799, commonly called the *compensation act*, but also of other land lying out of the seventeen townships to which no title was derived from the Commonwealth, or from the late proprietaries of Pennsylvania, before the 4th of *July* 1776. There was no evidence of the execution of this deed, except the acknowledgment of the grantor before a justice of the peace of *Luzerne* county, so that the question is whether the acknowledgment is valid.

In order to come to a true understanding of the act on which this case turns, it will be proper to state briefly the occasion of making it. The peace of the Commonwealth had been long disturbed by the conduct of a number of persons, who seated themselves on lands in the north eastern parts of the state, under a title not derived from the Commonwealth, or the late proprietaries of Pennsylvania. Various laws had been from time to time made to remedy this evil without success. While the legislature wished to secure the rights of those who derived title under the Commonwealth, it appears to have been their anxious desire to shew as much lenity as possible to a body of men, many of whom might have been deceived as to their own title, and many of whom (or their fathers) had shed their blood in defence of the country in the war of the revolution. In order to effect both these objects, the *compensation act* was passed, holding out inducements to the *Pennsylvania* claimants to relinquish their titles to the Commonwealth, and to the *Connecticut* settlers to purchase from the Commonwealth, the lands thus relinquished. The description of settlers intended to be favoured was confined to the seventeen townships, which had been in great part occupied, while the legal controversy between the states of *Pennsylvania* and *Connecticut* was yet undecided. The act which we are now more particularly

to consider, bears date the 6th of *April* 1802, and its manifest object appears to have been to continue the kindness which had been extended to the seventeen townships, but to cut up by the roots the title of *Connecticut* in all other parts. By the first section, no conveyance to be made of any land in the counties of *Luzerne, Lycoming*, and *Wayne*, shall be effectual to pass any estate or right legal or equitable, unless the title to the land in such conveyance mentioned is derived from the state, or the late proprietaries thereof before the 4th of *July* 1776, and unless such conveyance shall expressly refer to and recite the substance of the warrant, survey, patent or title, under which the same is derived; and if any judge or justice shall take an acknowledgment or proof of, or any recorder shall record, any deed which shall not have been derived as aforesaid, he shall forfeit for every offence 200 dollars; and *such acknowledgment and recording shall be void and of no effect*, and such recorder shall forfeit his office. The second section prohibits any person interested in the *Connecticut* title to sit as a judge or serve as a juryman in any cause, civil or criminal, in which that title may be brought into question, and prohibits all sheriffs to summon any person interested in the said title, as a juryman, &c. But the third section provides that " none of the penalties or disabilities created by the said " act, except so far as relates to judges, sheriffs or jurors, " shall relate to land or the claimants of land within the se-" venteen townships of *Luzerne* county, or any of them, so " far as concerns any act of theirs concerning lands within " the said townships, which have been or may hereafter be " duly submitted according to law, under the provisions of " an act of assembly passed on the 4th of *April*, 1799, &c."

The operation of the third section is this. The restriction in the first section, with respect to the *conveyance* of titles not derived from the Commonwealth, has no effect on lands *within the seventeen townships*, which have been or may be submitted under the compensation act, but the prohibition in the second section to sit as a judge or serve as a juryman, or to return as jurymen, &c. remains in full force even as to persons within the seventeen towns. There can be no doubt then that the conveyance of that part of the land in dispute, which lies within the seventeen townships, if it had

not been connected with other prohibited land, would have been effectual, and the deed of conveyance might have been legally acknowledged and recorded. Neither have I any doubt but that the estate of the grantor in the land within the seventeen townships, passed by the deed in question, although other prohibited lands are contained in the same deed. That the land within the seventeen townships should pass, is agreeable to the third section, and not at variance with any part of the act. But what shall we say to the acknowledgment of this deed? The acknowledgment is a step preparatory to recording. If it may be acknowledged, so may it be recorded. But it can neither be acknowledged nor recorded in *part*. They are acts indivisible, and must be good or bad *in toto*. It is no answer to say that the recording may be good so far as respects the lands in the seventeen towns, and void as to the residue. One object of the law was to prevent the entry in the record books of any writing purporting to be a conveyance of prohibited lands; and this object may be completely frustrated, if such conveyances may be placed on record, by joining in the same deed a conveyance of other lands. Where prohibited lands are inserted in a conveyance, the act declares the *acknowledgment to be void;* how then can we say that it is in any respect good? If it be said, that this is a hardship, it must be acknowledged to be brought on by the negligence of the grantee, who ought not to have accepted of such a conveyance. It was very much my wish to have supported this acknowledgment, if it could have been done without violating the act of assembly; because the costs in this action are enormous, and the deed may be given in evidence when the cause comes to be tried again in a new ejectment, by producing the subscribing witnesses. But I am constrained to consider the acknowledgment as altogether void, and that being the only evidence offered of the execution of the deed, the Court of Common Pleas were right in rejecting it.

The plaintiff in error has brought forward another exception, that the judgment is erroneous, because the statement of the plaintiff's claim makes no mention of *Samuel Needham*, one of the defendants. But it does not appear to me that there is much weight in this exception. The act of as-

sembly directs that the plaintiff shall file a statement of his claim, on or before the first day of the term to which the action was brought. It was done in this case before the term, and done properly, for at that time there was no defendant but *Irish*. But it is also directed by law, that if there are any other persons found in possession, the sheriff shall summon them, and they shall be also made defendants. *Needham* was found on the land, summoned by the sheriff, and entered as one of the defendants. He appeared by his attorney and joined the other defendant in the plea of not guilty. The act has been literally complied with by the statement which was filed. Whether more was necessary, I will not say, because from what appears on the record, the Court of Common Pleas would have been authorized to permit an amendment of the statement by inserting *Needham's* name in it at any time, even after verdict and judgment; and if so, this Court may consider such amendment as having been made. My opinion therefore is that the judgment should be affirmed.

YEATES J. was absent in consequence of sickness.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment affirmed.