## Nickle *against* M'Farland.

In an action of ejectment against several defendants who pleaded jointly, a judgment of nonsuit may be given against the plaintiff after the death of one of the defendants, without a substitution of his representatives.

ERROR to the common pleas of *Alleghany* county.

This was an action of ejectment by William Nickle against Audley M'Farland, William Brown, William M'Cormick, Matthew Harbison and James Porter, for four hundred and fifty acres of land. The defendants appeared, and pleaded jointly not guilty. In 1832 the cause was tried, and a verdict and judgment for the defendants, which, upon a writ of error, was reversed, and a *venire facias de novo* awarded. The record was returned, and the cause continued until 1836, when the plaintiff suffered a nonsuit for not bringing his cause to trial. On the *affidavit* of the plaintiff, that Audley M'Farland was dead when the nonsuit was entered, he moved to take it off. This rule was discharged, on the ground that "the nonsuit had taken place according to the practice and rules of the court, and after more than ordinary delay and indulgence to the plaintiff."

On motion, however, that court granted a writ of error *coram vobis* to correct the error, if any in fact existed; and such writ was taken out on the 27th of March 1837.

The error assigned was, "that, by the record, it appears that the judgment aforesaid was given for the said Audley M'Farland and the four others (naming them) against the said William Nickle in the plea aforesaid, when, in truth and fact, the said Audley M'Farland, in said plea named, before the rendering judgment against said William Nickle, and before the commencement of the said term at which judgment of nonsuit was rendered against him, viz., in the year 1833, at the county aforesaid, died; and that the said Audley M'Farland was, at the time of bringing said ejectment, and so continued at the time of his decease, in the exclusive possession of fifty or sixty acres of the tract of land for which said ejectment was brought, and left a widow and six children, all of which children were, at the time said judgment was given, above the age of twenty-one years; which said widow and children continued in the exclu-

[Nickle v. M'Farland.]

sive possession of the said fifty or sixty acres of land from the time of the decease of said Audley M'Farland until the time said judgment was rendered, and have continued the same until the time of bringing this writ of error; and, therefore, in this there is manifest error."

A writ of *scire facias ad audiendum errores* issued, commanding the sheriff to summon the said William Brown, William M'Cormick, Matthew Harbison, James Porter, and the widow and heirs and the administrator or executors of Audley M'Farland. The sheriff returned it served on Brown, M'Cormick and Harbison, and on O. Metcalf, Esq.; nothing said of Porter or the representatives of M'Farland.

The defendants to the writ of error *coram vobis* appeared and pleaded by counsel *in nullo est erratum.* On argument, the court below (Dallas, President) affirmed the judgment.

*A. W. Foster,* for plaintiff in error, cited, *Run. on Eject.* 407, 410; 1 *Binn.* 486; 6 *Johns. Rep.* 110; 11 *Johns. Rep.* 52.

*Metcalf,* for defendant in error, cited, *Adams on Eject.* 298.

The opinion of the Court was delivered by

HUSTON, J.—It must strike every one as strange that the complaint on the writ of error *coram vobis* was, that a judgment was given for a dead man: yet the common pleas were asked to reverse that judgment without bringing his representatives before them; and we are now deciding the same case with an admission that Audley M'Farland is dead, and his representatives are not before us, nor has the plaintiff given them any notice to be before us Let us see whether there is any cause for reversal on this record in the common pleas or here.

I will first dispose of the latter part of this assignment of error. The plaintiff could have brought a separate ejectment against each of these defendants, but he joined them in one. The defendants might have pleaded separately, and taken defence each for his own part, if they held severally; but they joined in their plea and defence. A plaintiff cannot compel several defendants, having several titles, to submit to a joint trial; but they may conclude themselves by a joint appearance and plea; 4 *Yeates* 134: and a defendant or defendants, having taken a general defence, may not narrow the defence at the trial. 1 *Dall.* 126; 4 *Yeates* 272. Surely, then, a plaintiff will not be permitted to sever defendants whom he has joined, and who have joined themselves, and especially after he has been put out of court by nonsuit for not proceeding to trial. After that he cannot get back by averring contrary to what he has stated and defendants have admitted on the record.

The case of Jackson *v.* Havens, 2 *Johns.* 438, was cited to prove that a plaintiff in ejectment who has sued two or more defendants jointly, must prove they hold jointly and not each a part in severalty,

I will only say I know of no other case which requires a plaintiff in ejectment to prove more than a right of possession in himself, and that the defendants are in possession. The same court however, in which that was decided, seem to have removed it out of the way. In 5 *Johns.* 281, it is said, " the court carried the doctrine too far in Jackson *v.* Havens. If several defendants join in a defence for the whole and one of them dies, plaintiff may go on and recover the whole, and there are still persons to defend the whole ; but where each of the defendants takes defence for part only and pleads severally, the plaintiff, on the death of one, cannot go on as to his part, because they are in the nature of distinct defendants and there is no person in court to defend as to the part of the deceased defendant." *Adams on Eject.* 300.

The action on ejectment is founded on torts which are several in their nature ; and one may be found guilty and the other acquitted. 1 *Lord Raym.* 717.

Ejectment is an action of trespass differing as to its result in some respects from the common action of trespass, because it has been so modified as to give possession to the plaintiff who recovers ; in other respects and in form it is trespass. In trespass against four defendants there can be but one nonsuit, and it was held irregular to enter four nonsuits. 2 *Salk.* 455.

It is generally true that none but the defendant can nonsuit a plaintiff ; but if there are several defendants, judgment of nonsuit may be obtained by one of them, if the plaintiff neglect to proceed to trial according to notice. 8 *Dow's Rep.* 592 ; cited in note to 2 *Tidd's Practice* 917.

But it is said there can be no legal judgment for or against a dead man ; and generally this is true. There are exceptions to it ; especially in the action of ejectment. It is as much against principle to give a judgment for a plaintiff whose right has expired, as appears by his own showing on the record, as to give a judgment against a dead defendant ; yet where judgment had been entered in the common pleas for the plaintiff, and possession delivered after the expiration of the term laid in the declaration, this court permitted the term to be enlarged after writ of error brought. Riddle *v.* Finley, 6 *Serg. & Rawle* 237.

But the very point in question has been settled. " If an ejectment be brought against two and one of them dies, and a *venire* is awarded as to the two defendants, and a verdict against both, yet on suggestion of the death of one of them on the roll, the plaintiff shall have judgment for the whole against the other." 1 *Lord Raym.* 716. I have cited the very words of the decision. To be sure it must be in a case where defendants joined in the plea and defence, as said above. Lord Holt dissented on this case, and a writ of error was brought and the judgment affirmed. And the case is referred to as law, by *Runnington* and *Adams* in their treatises, and I have found no case to the contrary.

[Nickle v. M'Farland.]

It was suggested that the form of ejectment established by our acts of assembly had made the law as to the power of the court in this action different from what it was under the old form.    The cases of Asbourne *v.* Asbourne, 11 *Serg. & Rawle* 55, and M'Cready *v.* Guardians, 9 *Serg. & Rawle* 101, ought to have put an end to all questions as to this.    It is there settled, that the acts of assembly of 1806 and 1807, taken together, change the form of the writ and description, and introduce the real parties instead of the fictitious plaintiffs and defendants, and make the action survive to the representatives of plaintiff and defendant, and two verdicts and judgments conclusive, and some other matters expressed in the laws; but for all essential purposes leave the action and the power of the court as it was: that it is still not a real action, but in substance an action of trespass: that a verdict and judgment under the present form are conclusive in an action of trespass for mesne profits, and estop the tenant as to damages subsequent to the service of the writ of ejectment.

As to the power of the court.    By the act of assembly the plaintiff may file his statement or description at or before the return of the writ; and it was filed before, and named but one defendant.    The act directs the sheriff, if he finds others in possession, to serve the writ on such others, and so return his writ.    The sheriff did serve the writ on another person in possession, and so returned; but his name was not added in the statement or on the docket.    The appearance and plea were for the defendants.    This court held the statement good, and that if it was necessary to add the name of the other defendant, the court below ought to have permitted an amendment accordingly, even after verdict and judgment; and this court would consider the amendment as having been made; and affirmed the judgment.    Irish *v.* Scovill, 6 *Binn.* 55.

On these authorities and on the ground that no injury has been done to the plaintiff, we affirm the judgment.    The suggestion of the death of M'Farland might have been made in the common pleas, and we consider it as if it had been made, as was done in the cases cited.

See also Piffea *v.* Fenton, *Cro. Car.* 426.    Error to the common pleas, and error assigned, that the action was against two who appeared and pleaded, and after issue joined one died; and a *venire facias* to try the issue as to two; and so all the proceedings.    Resolved by all the court, that the surmise of the death of one need not be in the judicial process to alter it; that the *venire* issued to try against a dead man, yet one being alive, is no cause of error.

This short case is not so satisfactory as if it had stated the cause and form of action; that must have been trespass where defendants may sever or join, and where they did join.    For in the same book we find that in a writ of right or other real action, the death of one defendant abates the suit.    See also note, 2 *Lord Raym.* 1415.

Judgment affirmed.