## Bartholomew Murphy and another v. Theodore L. Campau.

*Detroit city tax-lease: Term: Time.* The term of a Detroit city tax-lease should begin from the time when redemption expired, and not from the date of the tax-sale.

*Ejectment: Joint defendants: Several occupation: Evidence: Charge to the jury.* In an action of ejectment against two defendants it is error to direct a verdict for plaintiff where the testimony tends to show that there was no joint occupation, or fails so clearly to show joint occupation that the jury would not be warranted in finding that each held what he occupied to the exclusion of the other.

*Submitted on briefs October 26. Decided November 2.*

Error to Wayne Circuit.

This was ejectment brought by Campau against plaintiffs in error. He claimed title under a Detroit city tax lease dated June 16, 1874, and running two years from that date. The tax sale was made June 16, 1873, upon a bid of two years, under a provision of the charter that tax sales shall be made at public auction for the lowest term of years at which any person shall offer to take the same in considera-

tion of advancing the delinquent tax or assessment, and providing for redemption at any time within a year after the sale.    It was urged that the term should begin from the date of the sale, and that the lease, in providing for a different term, was unauthorized and void.    The circuit judge, however, ruled otherwise, and directed a verdict for the plaintiff.    The defendants bring error.

*George H. Prentis,* for plaintiffs in error.

*Romeyn & Weir,* for defendant in error.

COOLEY, J:

The circuit judge was right in the view he took of the tax lease.   The term should begin from the time when redemption expired.    But we do not understand the grounds on which the jury were instructed to find a verdict for the plaintiff.    There was no distinct evidence that defendants occupied all the lands claimed; and all the testimony tends to show that there was no joint occupation at all.    At any rate, the evidence was not so clear but that the jury would have been justified in finding that each defendant held what he occupied to the exclusion of the others.    On this ground the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.