HENRY D. GOETCHIUS v. JOSIAH SANBORN.

*Specific performance—Relation—Ouster by act of ownership.*

A decree for the specific performance of a land contract cannot relate
back to the date of filing the bill for the purpose of bringing trespass
against the lessee of a defendant who holds the legal title and actual
possession.

The holder of a legal title is not ousted by the act of a contract pur-
chaser in going on the land with a team and plowing for a few hours.

Error to Lapeer.   Submitted June 16.   Decided June 22.

TRESPASS.   Plaintiff brings error.   Affirmed.

*W. W. & M. N. Stickney* for plaintiff in error.

*R. L. & T. C. Taylor* and *Geer & Williams* for defend-
ant in error.   Going upon land to clear it in opposition to
the command of an adverse claimant does not establish, of
itself, a legal possession: *Newton v. Doyle* 38 Mich. 645;
the doctrine of relation does not apply for the purpose of
enabling one to sue as for trespass: *Bacon v. Kimmel* 14
Mich. 201; *Jackson v. Bard* 4 Johns. 230; *Case v. DeGoes*
3 Cai. 261; *Moyer v. Scott* 30 Mich. 345; Cooley on Torts
96; there is no constructive possession of land actually
adversely possessed: *Ruggles v. Sands* 40 Mich. 561.

MARSTON, C. J.   The plaintiff in error sued the defend-
ant, in an action of trespass, for acts done in entering into
possession and putting crops in upon certain lands in the
year 1876.   At the time the alleged trespass was committed
the title to the lands was and had been in Edwin E.
Goetchius, and the defendant Sanborn went into possession,
under a lease from Edwin.   The plaintiff claimed that under
a previous oral agreement made between himself and his son
Edwin, he, the plaintiff, upon making certain payments for
the benefit of Edwin, was to receive from Edwin a deed of
this land; that from the time of such agreement they, father

and son, had worked the land together for their mutual benefit; that he, the plaintiff, had made the payments agreed upon, and had taken actual possession of this land in April, 1876, a month before the alleged trespass, filed his bill in June, 1876, for specific performance of the oral agreement and obtained a decree in January, 1879; and he further claimed, that his title, by virtue of the chancery decree, related back to the time of the trespass complained of and thus enabled him to maintain the action.

The possession taken by the plaintiff in April, 1876, was to go upon the land with a team and plow a few hours. This certainly was no ouster of Edwin, and there is nothing in the record in this case, tending to show such a part performance of the oral agreement as would have entitled the complainant to a specific performance; but that perhaps is of but little importance in the present controversy.

The plaintiff herein had neither the legal title to, nor the actual possession of, the premises in 1876. Edwin was then the holder of the legal title, and had not only the constructive but actual possession of the premises. His possession was legal and he had an undoubted right to cultivate the soil, and this right he could give to another. No action could have been maintained against Edwin, in trespass, and his tenant is in no worse position. What was a legal act then could not be made illegal, by the doctrine of relation, which is to promote justice and prevent wrongs and not to create them.

Upon no possible theory was the plaintiff entitled to recover, and the judgment must be affirmed with costs.

The other Justices concurred.