YEE TONG SEU *et al. vs.* HEE PING *et al.*'

EXCEPTIONS TO RULINGS OF AUSTIN, J.

JULY TERM, 1885.

JUDD, C. J.; McCULLY and PRESTON, JJ.

Ejectment having been brought against several defendants claiming under different titles; held there was no misjoinder of defendants.

Plaintiff having discontinued as to some of the defendants, the Court instructed the jury that they might find damages against the other defendants; held, under the evidence, erroneous, as plaintiffs could only claim title from the time their right of possession accrued; but there being no advantage in again trying the title, judgment for possession is allowed to stand, if plaintiffs file a *remittitur* of damages.

Exceptions sustained.

OPINION OF THE COURT, BY PRESTON, J.

THIS case comes up on a bill of exceptions to the rulings of the late Mr. Justice Austin on the trial of this cause before a foreign jury at the last April term.

It is an action of ejectment, and the plaintiffs claim that the defendants, nine in number, "have unjustly and contrary to law and the rights of the plaintiffs taken into their possession and converted to their use and occupation all that land situate in said Honolulu awarded to one Kiha by Royal Patent No. 1119," and the plaintiffs state their title to be a term of ten years by virtue of lease dated March 9, 1885, from Paona and others to the plaintiffs, (the term being ten years from 28th January last.)

The plaintiffs claim restitution of the property with damages for its detention, and lay their damage at $500.

The action was commenced on the 13th of March.

The plaintiffs obtained a default for failure to answer, which was afterward, on the 7th April, vacated on the motion of Mr. Hartwell on behalf of the defendants Hee Ping and Chung Tai Hoon, and of Mr. Thompson on behalf of Kun Chee.

Chulan & Co. were admitted to defend as the landlords or em-

ployers of Hee Ping and Chung Tai Hoon, claiming to be entitled o part of this land under a lease from Kaanaana, an alleged tenant or life.

The other defendants claimed to hold the remainder of the premises under another lease from Kaanaana.

At the trial it was proved that the lessors of the plaintiffs were the heirs at law of Kiha, the patentee.

That Kaanaana, the alleged tenant for life, died on the 29th day of January last.

That the defendants Chulan & Co. were in separate possession by their servants Hee Ping and Chung Tai Hoon of the portion of land comprised in their lease, being part of the premises claimed, and there was a fence between Chulan & Co.'s lot and the rest of the land.

It was also proved on behalf of the plaintiffs that Chulan & Co.'s lot was worth $45 per month and the residue $60 per month.

At the conclusion of the plaintiffs' case, the defendants Hee Ping, Chung Tai Hoon and Chulan & Co. moved for judgment, on the ground that the declaration was against them jointly with the other defendants, while the evidence showed a several occupancy of two several lots under two separate leases, with no joint occupancy or joint wrong, and duly excepted to the refusal of the Court to grant such motion.

The Court thereupon ordered that the plaintiffs might discontinue as to damages against all the defendants but Hee Ping and Chung Tai Hoon and Chulan & Co., which discontinuance the plaintiffs filed and the defendants mentioned duly excepted.

On the argument, Mr. Hartwell for his clients urged that the Civil Code, Sec. 1144, did not allow of the joinder of several defendants, as in this case, for each was liable only for detention of the several lots held by him.

The Court was referred to *Murphy vs. Campar*, 33 Mich., 71; *Jackson vs. Hazen*, 2 Johns., 441; Chitty on Pleadings, Vol. 1, p. 86; Pomeroy's Civil Remedies, Sec. 282, and to the following passage in the judgment of the Court in *Fosgate vs. Herkimer Company*, 9 Barb,, 296:

" When the possession is several, each relying on a separate title and separate defense, it would be just as proper to sue half a

dozen defendants on as many promissory notes as to allow him to proceed against half a dozen tenants of as many pieces of land."

*Mr. Kinney*, for the plaintiffs.

The defendants' motion was too wide, being for an absolute judgment; that supposing the defendants' contention to be correct, he should have asked for a nonsuit; and he submitted that by the weight of authority there was no misjoinder.

He cited *White vs. Pickering*, 12 Serg. & R., 435; *Fisher vs. Hepburn*, 48 N. Y., 41; *Jackson vs. Woods*, 5 Johns., 276.

On this exception we think the plaintiff's contention is correct.

The defendants were not entitled to have judgment entered for them absolutely.

The case of *Jackson vs. Hazen* is explained by Kent, C. J., in the subsequent case of *Jackson vs. Woods*, which latter is a direct authority for the plaintiffs, as are also the other cases cited for the plaintiffs.

The judgment of the Court in *Fosgate vs. Herkimer Company* is not in accordance with the decision in *Jackson vs. Woods*, but the judgment appears to have been rendered under the authority of the Revised Statutes of New York, p. 307, Sec. 29, which enacts that where " the action is against several defendants, if it appear on the trial that any of them occupy distinct parts in severalty or jointly, and other defendants possess other parcels in severalty, the plaintiff shall elect at the trial against which he will proceed, and a verdict shall be rendered in favor of the defendants against whom the plaintiff does not proceed."

The Court directed the jury (the plaintiffs having abandoned their claim for damage against all the defendants except Mr. Hartwell's clients) that they might find damages against Chulan & Co. and Hee Ping and Chung Tai Hoon from the 29th of January last until the 18th March, to which direction exception was taken.

We are of opinion that such direction was erroneous, as the plaintiffs could only claim title from the 9th March, from which day only the plaintiffs' right of possession accrued, but as we cannot see that any advantage will be gained by again trying the title, we will allow the judgment to stand for possession of the property, on the plaintiffs filing a *remittitur* of all damages within fourteen days, otherwise a new trial is ordered.