107 546
f149 ²413

## GATES *v.* COMSTOCK.

1. TRESPASS TO LAND—BY WHOM MAINTAINABLE.

A vendee in a land contract, who has neither actual nor constructive possession of the land, cannot maintain an action for a trespass thereon.

2. SAME—ASSIGNMENT.

A right of action for trespass to land in cutting timber therefrom is assignable.

3. SAME—PLEADING.

A declaration in trespass by an assignee of the demand sued upon is fatally defective in not setting up the assignment.

Error to Alpena; Kelley, J.   Submitted November 20, 1895.  Decided December 24, 1895.

Trespass under 2 How. Stat. chap. 272, by Samuel G. M. Gates against Andrew W. Comstock and others.   From a judgment for plaintiff, defendants bring error.  Reversed.

*Joseph H. Cobb (McDonell & Hall,* of counsel), for appellants.

*J. D. Turnbull,* for appellee.

McGRATH, C. J.   This is trespass on lands.   The declaration alleges that on the 8th day of January, 1891, and on divers other days and times between that day and the commencement of suit (January 8, 1894), defendants cut, etc., against the leave and consent of said plaintiff, the owner thereof, a large number of trees, etc.   The cutting was done in the winter of 1891 and 1892.   At that time the fee of the land was in Seligman, Rupp, and Thompson.   On July 17, 1891, these parties had entered into a contract of sale of these lands to one Hurst.   On October 30, 1891, Hurst had contracted to sell to plaintiff the timber thereon.   Plaintiff had agreed to pay $7,000 in six months, $7,000 in one year, and $8,500 in eighteen months.   Hurst agreed to convey by timber deed on full performance by plaintiff.   Gates had agreed not to cut or permit to be cut or carried away any timber without the consent, in writing, of Hurst, and Gates was to have six years to enter, and cut and remove the timber.   Seligman, Rupp, and Thompson, in June, 1893, conveyed to Hurst; and January 6, 1894, Hurst conveyed to plaintiff. On January 6, 1894, Hurst assigned to Gates, and on January 5, 1894, Seligman, Rupp, and Thompson assigned to Gates, all timber standing, lying, or being on said real estate, or which had at any time been cut and removed therefrom, and each and every claim for damages and triple damages, and all right of action, of every kind or nature, which belonged to or had in any way or

manner accrued to him or them on account of trespass on said land. The defendants objected to the introduction in evidence of the deeds from Seligman, Rupp, and Thompson, and from Hurst to Gates, and of the assignments to plaintiff, on the ground that they were incompetent, irrelevant, and immaterial, under the declaration and pleadings. They were, however, admitted.

In order to maintain trespass, one must have the legal title or be in actual possession of the premises. A vendee in a land contract, who has neither actual nor constructive possession, cannot maintain the action. *Moyer* v. *Scott*, 30 Mich. 345; *Ruggles* v. *Sands*, 40 Mich. 559; *Pfistner* v. *Bird*, 43 Mich. 14; *Goetchius* v. *Sanborn*, 46 Mich. 330. At the time of the commission of the trespass, plaintiff was not the owner of the fee. He had contracted for the timber, and held a license to enter upon the land for the purpose of cutting it; but that contract was not performed upon his part, and he could not cut or allow the timber to be cut, without the consent of Hurst. The declaration did not allege the assignment by virtue of which he acquired the right to bring trespass for the acts committed prior to such assignment, and it was therefore defective. *Blackwood* v. *Brown*, 32 Mich. 104; *Rose* v. *Jackson*, 40 Mich. 29; *Cilley* v. *Van Patten*, 58 Mich. 404; *Altman* v. *Fowler*, 70 Mich. 57; *Peirce* v. *Closterhouse*, 96 Mich. 124. The rule is otherwise in trover and replevin. *Warren* v. *Dwyer*, 91 Mich. 414, and cases cited. The objection made called special attention to the declaration, and an amendment was not asked for. Although, at the time of the introduction of these instruments in evidence, it did not appear when the trespass was committed, and the dates named in them were within the time mentioned in the declaration, the assignments were immaterial, except as they afforded a basis for recovery for a trespass committed before their date.

The cause of action was, we think, assignable. *Final* v. *Backus*, 18 Mich. 218, 231; *Grant* v. *Smith*, 26 Mich. 201.

For the error referred to, the judgment is reversed, and a new trial granted.

LONG, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.