McKNIGHT *v.* LOWITZ.

1. PARTNERSHIP—DISSOLUTION—PARTIES TO ACTION—SUIT BY ONE PARTNER.

While a partner as assignee of the firm may bring an action in his own name as plaintiff for services rendered, he must allege and prove an assignment to himself in order to entitle him to recover after the dissolution of the firm.

2. SAME—ATTORNEY AND CLIENT—ASSIGNMENT—PARTIES.

Services rendered by one member of a copartnership engaged in the practice of the law are presumed to constitute a partnership account, belonging to the firm: testimony of one partner that the account belonged to him, or of the other that he never had any interest in the account, and claimed none at the time, is insufficient to sustain an action in the name of the one partner, commenced after dissolution.

Error to Cass; Des Voignes, J. Submitted April 16, 1913. (Docket No. 78.) Decided July 18, 1913.

Assumpsit by William F. McKnight against Elick Lowitz for services rendered. Judgment for plaintiff. Defendant brings error. Reversed.

*Carr & Eby* and *Coy W. Hendryx (Gore & Harvey,* of counsel), for appellant.

*Charles E. Sweet,* for appellee.

BROOKE, J. Plaintiff brought suit to recover compensation for services as an attorney, claimed to have been rendered defendant at his request. He secured a judgment for $715, which defendant now reviews in this court by writ of error.

The first assignments of error discussed relate to

the question of plaintiff's right to recover under his declaration. The bill of particulars shows that the charges against defendant are for services rendered during the latter part of August and the early part of September, 1910. Prior to about October 1, 1910, plaintiff was associated in the practice of the law with one James T. McAllister. The bill, as at first rendered, seems to have been upon the billhead of "McKnight & McAllister," but was accompanied by a letter signed by plaintiff personally, in which he said:

"Find herewith inclosed statement for services to date. Kindly send me check to cover same, and oblige."

These facts being developed upon plaintiff's cross-examination, a motion was made by defendant for a directed verdict upon the ground that no assignment from McKnight & McAllister to plaintiff had been pleaded or proven. This motion was denied, and upon redirect examination plaintiff testified that the account in question belonged to him. After judgment the deposition of James T. McAllister was taken and appended to a motion for a new trial. Many reasons were urged for the granting of a new trial, only one of which will be considered.

In various forms it is set up that the court erred in refusing to direct a verdict upon the ground that the proofs showed that the services, if rendered, were rendered by the firm of McKnight & McAllister, and that no assignment of the account had been pleaded or proven. It is, of course, elementary that an assignee in certain cases may sue in his own name, yet it is necessary for him to allege in his declaration an assignment and to prove the same upon the trial to entitle him to recover. *Draper* v. *Fletcher*, 26 Mich. 154; *Rose* v. *Jackson*, 40 Mich. 29; *Gates* v. *Comstock*, 107 Mich. 546 (65 N. W. 544).

We are of opinion that the services in question

being legal in character and rendered at a time when plaintiff and McAllister were law partners, a presumption arises to the effect that the account is or was partnership property. We do not overlook the fact that the plaintiff upon redirect examination testified that the account belonged to him, nor the further fact that in his deposition Mr. McAllister testifies that he never has and does not now make any claim to this account. It is, of course, true that many law partnerships are so arranged that the individuals constituting the copartnership retain individual accounts to themselves. It is, however, significant that in the instant case neither the plaintiff nor Mr. McAllister, both trained lawyers, testify that this account belonged to that class. In the absence of such testimony it was incumbent upon plaintiff to both plead and prove an assignment from the copartnership to himself. A verdict should have been directed for defendant as requested.

The judgment is reversed, and a new trial ordered.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.