### JACKSON, ex dem. POTTER and others, *vs*. SCOVILLE, impleaded, &c.

A plaintiff in an action of ejectment brought against *eleven* persons in possession of distinct portions of the premises claimed, holding by separate titles, though all derived from the same source, but without any connection or community of interest between them, will be compelled on the application of the defendants to enter into a separate consent rule with each defendant.

MOTION in an action of ejectment brought against eleven defendants, that they have leave to sever in their defence, and that the plaintiff enter into a separate consent rule with each defendant.

Sept. 9th.

*By the Court*, SAVAGE, Ch. J. The facts are that the lessors of the plaintiff claim a military lot in Camillus, as heirs at law of the soldier who merited the lot. The defendants, eleven in number, are in possession severally of distinct portions of the lot, but without any connection or community of interest, holding by separate titles, but all derived from the same person, who they insist was the soldier who merited the lot, and who is a different person from him under whom the plaintiff claims. There is but one suit brought against all the persons in possession of the several parcels of the lot. The defendants wish to sever in their defences, and have filed common bail separately, and tendered separate consent rules, which the plaintiff's attorneys refuse to sign. A joint suit was brought to save unnecessary expense.

The English practice, as stated by *Adams*, p. 236, is that where several ejectments are brought for the *same premises*

upon the same demise, they will be consolidated ; but where the possessions of the tenants are different, the court will not join them on motion of either party. If the plaintiff moves for that purpose, it will be objected that each defendant must have a remedy for his costs. If the defendant moves, it will be answered that the plaintiff might have sued at different times, and that if the actions were consolidated, he would be obliged to go to trial against all, when perhaps he might be ready to proceed against a part only. The latter ground is not applicable to a case where the plaintiff's title against all is the same. In *Jackson* v. *Hazen*, 2 *Johns. R.* 438, the suit was against five, who entered into the consent rule, and pleaded jointly. Three of the defendants occupied jointly and two severally. It was decided that the plaintiff must prove a joint possession, and the two defendants had judgment in their favor. In this decision the court were influenced by the consideration that great injustice might be done by making the defendants jointly liable for the mesne profits. The case of *Jackson* v. *Haines*, 5 *Johns. R.* 278, was ᵃsimilar to the preceding in some respects. There were five defendants jointly prosecuted, who pleaded jointly, and entered into the consent rule jointly ; but they all had separate possessions, and the plaintiff had judgment against them separately. This case has been supposed to overrule the case of *Jackson* v. *Hazen*; but they were not alike. It is said in the latter case that a joint possession in the defendants need not be proved, which had been decided otherwise in the first case, but there is no inconsistency in the two decisions, nor does either of them precisely apply here. In both cases the defendants voluntarily entered into a joint consent rule and pleaded jointly, which the defendants here refuse to do. The case of *Jackson* v. *Stiles*, 3 *Cowen*, 356, only decides that where two defendants are jointly sued in ejectment, they cannot sever without stating in the consent rule, &c. the co-defendant as impleaded, &c. The object of the plaintiff here to save expense, ought to be encouraged by the court ; but if the plaintiff's claim is good, the saving of expense operates in favor of the defendants, and if they do

not object to separate suits, he need not. If the plaintiff wishes to bring but one suit to try his title, and save expense to himself in case of failure, a rule of practice was recognized in *Jackson* v. *Schauber* and ten other causes, by which but one may be tried, provided the defences are alike; if the defences are different, there is no reason why the defendants should all be compelled to go to trial together.

The action of ejectment is an action of trespass, and in such actions the defendants may sever; it is their right to do so; but how can they sever unless each one may enter into the consent rule for himself. It may be very important to the defendants to do so; they may have different defences, though they all originate from one common source; some may make good defences, while others have none at all; some also may be necessary witnesses for the others; this, however, they may be, if no evidence is produced against them. The trespasses here are upon distinct premises, at different times, and if a recovery should be had against all, they would all be liable, though unjustly, for the mesne profits of each other. There might be difficulty about it, and the proceedings become very complicated; and although a joint suit ought to be encouraged where all parties agree to it, as was said in *Jackson* v. *Haines*, I do not think they should be compelled to join when they wish to sever.

Motion granted.