ROGERS and wife *vs.* ARTHUR and others.

In an action of *ejectment* against *several defendants,* if it appear that the defendants occupy *distinct parcels* in *severalty,* the plaintiff may elect to take a verdict against one of the defendants ; whereupon a verdict will be rendered in favor of all the other defendants.

*It seems,* that where a party claims *an undivided share of a tract of land* possessed by several defendants *in severalty,* and brings a separate action against each defendant and recovers, that commissioners appointed to make partition of the tract would be authorized to allot to the plaintiff in such actions *a portion of the whole tract in severalty ;* and would not be limited to set off to him a portion of each separate recovery.

THIS was an action of *ejectment,* tried at the Oneida circuit in October, 1838, before the Hon. PHILO GRIDLEY, one of the circuit judges.

The plaintiffs claimed to recover *three-sixteenths* of 640 acres of land, held *in common* and *undivided,* with the owners of the residue of the tract ; and deduced title from *Joseph Montague,* who, on the 30th January, 1799, conveyed the tract of 640 acres to one *Jacob Cram,* from whom the plaintiffs derived title. The plaintiffs attempted to show that the defendants *also* derived their title from *Montague.* The defendants were *five* in number, and it was proved that they occupied distinct parcels of the premises *in severalty.* The defendants moved for a *nonsuit,* on the grounds : 1. That the plaintiffs were not entitled to support a *joint* action against them ; and 2. That they had failed in showing that *Montague* was the common source of title to both parties. The *nonsuit* was granted, and the plaintiffs ask for a new trial.

*C. P. Kirkland,* for the plaintiffs.

*C. A. Mann,* for the defendants.

*By the Court,* NELSON, Ch. J. In *Jackson, ex dem. Murray,* v. *Hazen and others,* 2 Johns. R. 438, which was an action of ejectment against *five defendants* who pleaded

*jointly*, it was held that the plaintiff was bound to prove a *joint* possession against all, and that *two* of the defendants who held *separately* were entitled to judgment. In *Jackson* v. *Wood and others*, 5 Johns. R. 278, where the question again came up, it was decided that the plaintiff might recover against all, though the possessions were *separate;* not *jointly*, but by taking a *separate* verdict against each defendant for the part of the premises of which he was proved in possession. The court, upon a full review of the law, were of opinion that the doctrine of the first case was pushed too far, and virtually overruled it. The case of *Jackson* v. *Wood* has since been followed, and would be the rule now, had it not been changed by statute. 2 R. S. 307, § 28, 29. 5 Wendell, 96. 7 id. 152. By § 29, it is provided, when the action is against several defendants, if it appear on the trial that any of them occupy *distinct parcels in severalty* or *jointly*, and that other defendants possess other parcels in *severalty* or *jointly*, the plaintiff shall elect at the trial against which he will proceed; which election must be made before the testimony is closed, and a verdict shall thereupon be rendered for the defendants not so proceeded against. This section was intended to restore the principle of the case of *Jackson ex dem. Murray* v. *Hazen and others ;* the rule adopted in *Jackson* v. *Wood* being considered as unnecessarily perplexing the proceedings, and operating to exclude those who would otherwise be competent witnesses.

It is urged by the plaintiffs, that inasmuch as they claim an undivided interest in the whole of the premises, unless they are permitted to recover *jointly* against all the defendants, they will not be able to obtain an undivided portion of the *whole*, but only of *several* parts, and be thus prevented from acquiring their legal rights. We do not perceive much force in this objection, because, if a joint recovery should be allowed of an undivided half, partition would still be made with reference to the distinct and separate rights of all the parties concerned, 2 R. S. 322, § 30, and the commissioners be justified in regarding the possession of each occupant. It is sufficient for us, however, that the statute has

settled the rule in the action without any qualification ; and even before its adoption, no case had gone the length claimed here. The utmost that was allowed was to take a separate verdict for each separate parcel in possession of the defendants, and thereby avoid the necessity of several actions.

The above view supersedes the necessity of discussing the other objection to the recovery, viz. that it was not shown that *Montague*, under whom the plaintiffs claimed, was the common source of title. The evidence on this point was slight, and clearly imperfect as to some of the defendants.

New trial denied.