# Case No. 13,709.

## SYKES v. HAYES.

[5 Biss. 529; [1] 6 Chi. Leg. News, 197.]

Circuit Court, N. D. Illinois. Feb. 1874.

EJECTMENT—SQUATTERS—EVIDENCE OF TITLE.

1. The owner of the fee can maintain ejectment against a squatter who has neither claim nor color of title.

2. Where the squatter had admitted title in the plaintiff's grantor, it is not necessary that the plaintiff produce other evidence of title than the conveyance from his grantor.

[Cited in Chicago & A. R. Co. v. Keegan, 152 Ill. 413, 39 N. E. 36.]

This was an action of ejectment for certain lots in Walker's dock addition to the city of Chicago, which plaintiff claimed in fee. The plaintiff [Martin L. Sykes], to maintain his title, called as witness Samuel J. Walker, who testified that ten or twelve years ago he and a man named Geer owned a large tract of land, including the lots in question; that about the time mentioned he purchased Geer's interest; that about the time he bought out Geer he went upon the land in question, and found defendant [Thomas Hayes] residing there; asked defendant who owned the land, to which defendant replied that it was Mr. Geer's land; witness then told him he had bought Geer's interest, and then owned the land, to which defendant replied in substance that he had squatted there, and would leave when witness wished him to; that witness had frequent conversations afterwards, and from year to year, with defendant, in which defendant always said he was ready to leave the lots whenever witness gave him notice to do so; that he had no rights there, or words of that import. Witness also testified that he had paid all taxes on the land for upwards of twelve years, and had platted and

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

subdivided the same out into lots and blocks. Plaintiff then introduced a deed from Samuel J. Walker to plaintiff, dated Nov. 10, 1871, conveying to plaintiff the lots in question in fee simple; and also proved a demand of possession and notice to quit served on defendant, several months prior to the commencement of this suit. He also proved that he had notified defendant that he, plaintiff, had a deed from Walker, and rested his case. Defendant was then sworn, and testified that he entered upon the lots in question and built a "shanty" about fourteen years ago; that it was then a naked prairie, and he didn't know who owned it; denied that he had ever told Walker that he would leave on request or notice, but admitted that he had always been willing to leave when the owner required him to, and would show a title; claimed no title himself; was a mere squatter, and had never paid any taxes or assessments on the land; had understood, for many years, that Walker claimed to own the land, but Walker would not show him any deed; had never paid any rent to Walker or any one else, nor agreed to pay any.

W. T. Burgess, for plaintiff, citing Jackson v. Denison, 4 Wend. 558.

R. H. Forrester, for defendant, claiming that the plaintiff could not recover unless he showed that the relation of landlord and tenant existed between the parties. [35 Cal. 538; 47 B. Mon. 397; 14 Johns. 223; 3 Barn. & C. 413].[2]

BLODGETT, District Judge (charging jury). That if they believed, from the evidence, that defendant was in possession of the premises in question as a mere squatter, without any claim or color of title; that he had admitted to Walker that he, Walker, was the owner of the premises, and promised to surrender posssession to Walker when notified or requested to do so; that Walker had conveyed his title to the land to plaintiff, and plaintiff now held the same, and that plaintiff had notified defendant of his title from Walker, and demanded possession; then plaintiff is entitled to recover in this action, according to the terms of his title deed, without producing Walker's paper title; that the admission of Walker's ownership of the property, if the jury believed such admission to have been made, was sufficient evidence of title in Walker to sustain the action so long as defendant set up no title and showed no ownership in himself; that the credibility of witnesses was for the jury, and they must determine from all the circumstances, and appearance of the witnesses, Walker and Hayes, which they would believe upon points where they contradict each other.

Verdict for plaintiff.

---

[2] [From 6 Chi. Leg. News, 197.]