GIBBONEY (CLARK v.). See Case No. 2,-821.

GIBBONEY (DORR v.). See Case No. 4,006.

GIBBONEY (KAIN v.). See Case No. 7,595.

GIBBONEY (PRESTON v.). See Case No. 11,396.

---

## Case No. 5,381.

### GIBBONS v. MARTIN et al.

[4 Sawy. 206.][1]

Circuit Court, D. Oregon. March 12, 1877.

JOINDER OF CAUSES OF ACTION—WHERE DEFENDANTS MERE TRESPASSERS.

1. Under the Oregon Civil Code (section 91) a plaintiff in an action to recover the possession of a particular tract of land is not entitled to join parties as defendants, who occupy in severalty distinct parcels of said tract; and if he does so join them, and the fact does not appear upon the face of the complaint, the defendants may plead it in abatement of the action.

2. The rule in such cases at common law.

3. Semble, if the defendants are mere trespassers or squatters without color of right or

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

definite claims to distinct parcels or established and visible boundaries, they may be joined in one action.

Action [at law by B. M. Gibbons against P. J. Martin and others] to recover possession of real property.

W. W. Page and G. W. Yocum, for plaintiff.

Walter W. Thayer and William H. Effinger, for defendants.

DEADY, District Judge. This action is brought by the plaintiff as a citizen of Illinois, against the defendants as citizens of Oregon, to recover the possession of donation claims numbered 38 and 58, containing 578.60 acres, situate in the county of Columbia, state of Oregon. The complaint alleges that the plaintiff is the owner in fee-simple of the premises, and entitled to the possession of them; and "that the defendants wrongfully and unlawfully withhold the possession of the same from the plaintiff to his damage $200."

The defendants, answering the complaint jointly, plead in abatement of the action that the defendants "derive their respective titles from different sources, and have no joint or common occupancy or possession of any part of the premises;" that the defendant, Miles, occupies a "distinct parcel" of the premises. (describing it) in severalty, and the defendants, Martin and Cornelius, the residue thereof jointly.

The plaintiff demurs to the answer as being insufficient "to constitute a defense." No authorities were cited by counsel upon the argument of the demurrer, the defendants relying upon the provisions of the Oregon Civil Code, hereafter specified.

At common law, in the case of an ejectment for premises of which distinct parcels were in the several occupation of different persons, no direct objection could be made to the misjoinder, as by a plea in abatement, but the parties were entitled, upon application to the court, to enter into the consent rule, and plead separately. See In re Girard [Case No. 5,457]. In such case, the parties were entitled to separate trials, and practically there were as many actions as defendants. Potter v. Scoville, 5 Wend. 96; Burkhart v. Row, 4 Yeates, 134. But even when the parties entered into the consent rule, and plead jointly, it appears that evidence might be given on the trial to show that the defendants occupied distinct parcels, and in such case, if the plaintiff was otherwise entitled to recover, there was a verdict and judgment against the defendants severally, for the parcels occupied by them respectively.

Yet, in Jackson v. Hazen, 2 Johns. 441, it was held that the plaintiff could not recover in such a case against the defendants occupying in severalty, because the issue was upon the allegation that the defendants jointly withheld from the plaintiff the possession of the whole premises. But in Jackson v. Woods, 5 Johns. 278, it was held, in the same court, that where five defendants occupied

separate parts of the premises in severalty, but entered into the consent rule, and pleaded not guilty, jointly, and the jury found against each defendant as to the parcel occupied by him, that the plaintiff was entitled to judgment against each defendant, according to the verdict. See, also, *n the same effect, Bayard v. Colefax [Case No. 1,130]; Camden v. Haskill, 3 Rand. [Va.] 462; White v. Pickering, 12 Serg. & R. 435.

Practically, the only plea allowed in ejectment was the general issue, not guilty, and this the party in possession was not entitled to make until he appeared and entered into the consent rule, agreeing to confess on the trial the lease, entry and ouster as alleged in the declaration. The plea in abatement, except to the jurisdiction of the court, was not allowed (Adams, Ej. 270), and the only mode of objecting to the misjoinder of causes of action, as where different persons occupying distinct parcels of the premises were sued jointly, as joint occupants withholding the possession of the whole of such premises, was, as has been said, to apply to the court for leave to enter into the consent rule, and plead separately as to so much of the premises occupied by each, and then demand a separate trial.

In Greer v. Mezes, 24 How. [65 U. S.] 268, the action was brought against a number of persons jointly for the possession of the tract of land called "Las Pulgas." The defendants pleaded the general issue, but no one of them defended for any particular part of the premises. The jury, under the instructions of the court, found separate verdicts against such of the defendants as appeared to be in the possession of distinct parcels of the premises, and a general verdict against the rest. This instruction was affirmed by the supreme court. In commenting upon it, Mr. Justice Greer said: "In the action of ejectment, a plaintiff will not be allowed to join in one suit several and distinct parcels, tenements or tracts of land, in possession of several defendants, each claiming for himself. But he is not bound to bring a separate action against several trespassers, on his single, separate and distinct tenement, or parcel of land. As to him, they are trespassers, and he cannot know how they claim, whether jointly or severally; or, if severally, how much each one claims; nor is it necessary to make such proof in order to support his action. Each defendant has a right to take defense specially for such portion of the land as he claims, and by doing so, he necessarily disclaims any title to the residue of the land described in the declaration; and if, on the trial, he succeeds in establishing his title to so much of it as he has taken defense for, and in showing that he was not in possession of any of the remainder disclaimed, he will be entitled to a verdict. He may also demand a separate trial, and that his case be not complicated or impeded by the issues made with others,

or himself made liable for costs unconnected with his separate litigation."

Practically, this exposition of the rule allows the plaintiff in ejectment to unite causes of action which do not affect all the parties to the action, with a right in any defendant who claims only a portion of the premises to make defense therefor, and demand a separate trial. But it appears that the Code has done away with this anomaly, and permits defendants, who are improperly united in an action, to recover the possession of real property to plead that fact, when it does not appear upon the face of the complaint, in abatement of the action. Section 91 of the Civil Code provides that "the plaintiff may unite several causes of action in the same complaint, when they all arise out of * * * claims to recover real property with or without damages for the withholding thereof; * * * but the cause of action so united * * * must affect all the parties to the action * * *."

From the answer, which is admitted by the demurrer, it appears that the defendants are not tenants in common of the premises, but that Miles occupies a distinct portion of them in severalty, and Martin and Cornelius the remainder in common. There is then no joint occupation or withholding of the premises sued for by the defendant. The alleged wrong upon the right of the defendant is several—being committed by Miles as to one particular tract, and Martin and Cornelius as to the remainder. The fact that these tracts are contiguous, or that they are both owned by the plaintiff as a single close or body of land, does not of itself make the injury or withholding by the defendants a joint one and co-extensive with the whole premises for which they may be joined as defendants. Upon this view of the matter, it appears from the answer that there are two causes of action united in this complaint, neither of which affect all the parties to the action. It is, therefore, contrary to the statute, and a plain case of misjoinder of cause of action.

Section 66 of the Civil Code authorizes a demurrer to a complaint, when it appears upon its face that "several causes of action have been improperly united" therein; and by section 69 thereof, if such misjoinder does not appear upon the face of the complaint, "the objection may be taken by answer." This seems to be conclusive of the question raised by the demurrer.

The only case arising under the modern code pleadings and bearing upon this question, to which my attention has been attracted, is Fosgate v. Herkimer Manuf'g & Hydraulic Co., 12 N. Y. 580. In that case several persons were joined as defendants in an action to recover the possession of a small parcel of land with a dwelling-house thereon. The answer was joint, and denied the withholding of the premises as alleged, and set up ownership in one of the defendants. On the trial, it was proved, subject to

objections, that the defendants occupied distinct parcels of the premises. It was ruled and affirmed on appeal that the evidence was immaterial and irrelevant to the issue, and that the plaintiff was entitled to recover against all the defendants jointly. Referring to the provisions of the New York Code, similar to those above cited from the Oregon Code, the court say: "If the complaint shows a misjoinder of defendants, a demurrer is the appropriate remedy. If the defect does not appear upon the face of the complaint, the defendants must set it up in their answer. And if no such objections be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same. These provisions of the Code were intended to meet cases like the present."

True, the only point directly ruled in this case is, that an objection that defendants jointly sued in ejectment hold distinct parcels of the premises in severalty must, if the fact does not appear upon the face of the complaint, be made by answer or otherwise, it will be disregarded; and Marvin, J., closes a concurring opinion with the remark: "The question is not presented in this case, whether the owner of land, entitled to its possession, can maintain an action against two or more persons who occupy distinct parcels of it, claiming under the same right." But the reasonable implication from the opinion of the court is, that it regarded the objection to the action as a valid one if it had not been waived, and that the provisions of the Code cited in the opinion were intended to enable defendants improperly joined in an action of ejectment to plead that fact in abatement of the same.

Upon the whole, I think the plea is good, and the defendants must have judgment, unless the plaintiff elects to amend his complaint by striking out the defendant Miles, or the defendants and co-tenants Martin and Cornelius, and proceed against the other.

But it must not be understood that what is here said applies to a case where a number of apparent trespassers or mere squatters go upon and occupy a particular tenement or tract of land without color of right, or definite claims to distinct parcels or established and visible boundaries. In such cases, as was said in Greer v. Mezes [supra], as to the plaintiff, the occupants are mere trespassers, and he cannot know how they claim or to what extent.