## C. S. HAYS v. THE T. & P. R'Y Co.

(Case No. 1735.)

1. TRESPASS TO TRY TITLE — RIGHT OF WAY.— The action of trespass to try title will lie against a railway company asserting a right of way claim to land.
2. SAME.— This action, taking the place of the common law action of ejectment, may be used where the object is to recover possession of land unlawfully withheld from the owner, and to which he has the right of immediate possession, whether the defendant claims under title or is a mere trespasser.
3. SAME — EASEMENT.— In a suit between the owner of the soil and a railway company, whose title to an easement is without foundation, and which is a trespasser, the owner is entitled to dispossess the latter altogether.

4. SAME— SUMMARY STATUTORY REMEDY.— Even where the statute provides
   a summary remedy by which lands can be condemned to the use of a rail-
   way company and damages assessed to the owner, such remedy does not in-
   terfere with the owner's right to an action of trespass to try title, where the
   railway company occupies the land without resorting to the statutory
   method of condemning it.
5. SAME — CASES CITED.— R. R. Co. v. Ferris, 26 Tex., 588; R. R. Co. v. Pfeuffer,
   56 Tex., 66; R. R. Co. v. Benitos, 59 Tex., 326; Armstrong v. St. Louis, 69
   Mo., 309; Graham v. R. R. Co., 27 Ind., 260; Strong v. Brooklyn, 68 N. Y.,
   1, cited.
6. NOTICE TO PURCHASER — LIMITATION.— That a railway company as a tres-
   passer occupied the land long before plaintiff purchased will not affect his
   right to sue, nor will naked possession of the right of way over the land for
   ten years bar his recovery.

APPEAL from Wood. Tried below before the Hon. Felix J. Mc-
Cord.

This was an action of trespass to try title and for damages,
brought by C. S. Hays against the railway company, to recover
land described in appellant's petition, and $100 as damages. The
action was in the usual form; the petition alleged possession and
ownership in fee simple of the land, and the unlawful entry, eject-
ment of plaintiff, and the withholding from possession on part of
defendant. The railway company answered by general demurrer,
plea of not guilty, and set up statute of limitations for ten years.
Judgment was rendered by the district court in favor of the com-
pany.

*Hart & Buchanan*, for appellant, cited: 26 Tex., 588; 56 Tex.,
74; 14 Amer. Rep., 492; 14 Am. & Eng. R. R. Cases, 309–15; R. R.
v. Benitos, 59 Tex., 326; Pasch. Dig., art. 4922; State Const. 1869,
art. 1, sec. 14; R. S., art. 4205.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— This cause was submitted to the judge
below upon the law and the facts, and he has placed upon record his
reasons for the judgment rendered by him. The court found that,
because the appellee claimed only a right of way over the land in
controversy at the time it was purchased by Hays, as also at the time
the suit was commenced, the action of trespass to try title could not
be maintained. The reasons which led the court to this conclusion
seem to be, that a mere claim to the right of way over the land did
not interfere with the title of Hays or his vendor, and was not such
an act of ownership as would authorize this kind of suit. The court
was further of opinion that the title of the property not being in the

company when Hays purchased, and he having full knowledge of this fact, his vendor's right to sue did not pass to him by the purchase. The appellee has not appeared in this court to sustain these rulings, and we know of no good grounds upon which they can be rested.

Our action of trespass to try title is intended to serve all the purposes of an action of ejectment as known to the law of England and of other states. Whenever ejectment will lie at common law, trespass to try title may be used under our statutes. It is in its nature a suit to recover possession of land unlawfully withheld from the owner, and to which he has the right of immediate possession. It is not important, so far as his right to the action is concerned, whether the defendant is upon his property under a claim of title or as a naked trespasser. It is enough that he is there without right or authority. If the defendant is not in possession, then he must set up a claim to the land in order to justify the proceeding; but, if in possession, how he came there becomes unimportant, if the occupancy is illegal. This is the rule in actions of ejectment, and is to be inferred from the very language of our own statute regulating the action of trespass to try title. R. S., art. 4790; Sykes v. Hayes, 5 Biss., 529; Gibbons v. Martin, 4 Saw., 206; Greer v. Mezes, 24 How., 277.

A party in possession of another's land claiming an easement is a trespasser if his claim is without foundation. If, in a suit by the owner of the soil, the plaintiff shows title to the land, and the defendant to the easement, the plaintiff recovers subject to the right of the defendant to enjoy the easement. If the defendant shows no title of this character, the owner of the land dispossesses him altogether.

These principles are well settled, as will be seen by reference to the authorities, a few of which we cite: Armstrong v. St. Louis, 69 Mo., 309; Graham v. R. R. Co., 27 Ind., 260, 262; Strong v. Brooklyn, 68 N. Y., 1, and cases hereinafter referred to.

Nor does the fact that the trespasser is a railroad company, and that our statute provides a summary method by which lands may be condemned to its use and damages assessed to the owner, interfere with the latter's right to prosecute an action of trespass to try title, when the company has taken possession of his land without a resort to this method of condemnation.

Whilst it is held, perhaps by the weight of authority, that this summary remedy is exclusive of all others when damages alone are sought by the owner, yet, if he seeks to regain possession and

oust the intending company from his property, he may resort to any character of action he might use for that purpose against any other trespasser.

In our state, where the right to use the summary method is given to the railroad companies alone, the owner of the land cannot force a resort to this remedy, and hence he may sue for the recovery of the land itself or damages in any action appropriate to those purposes.

These principles are abundantly supported by the decisions of other states as well as our own, among which are the following: R. R. Co. v. Ferris, 26 Tex., 588; R. R. Co. v. Pfeuffer, 56 Tex., 66; R. R. Co. v. Benitos, 59 Tex., 326; Gilman v. Sheboygan R. R. Co., 40 Wis., 660; Smith v. R. R. Co., 67 Ill., 196; Sherman v. R. R. Co., 40 Wis., 652; 2 Wis., 156; 21 id., 602; 23 id., 99; Pierce on Am. R. R. Law, p. 230; 21 Conn., 294; 4 Wend., 667.

The fact that the company were using their railroad over the land at the time plaintiff purchased cannot affect his right to the possession of the land and to sue for it in this action. If chargeable with full knowledge of the claim under which the company were in possession, he knew that it was without foundation, and that the company could be ejected from the premises at the option of the owner. No such limitation was pleaded as would entitle the railroad company to hold the right of way against the owner of the soil, and no such acquiescence as would have barred the appellant's vendor was relied on or proved. In buying the land Hays purchased with it the right of the vendor to institute a suit like the present to oust the railroad company from its occupancy of the land, commenced and continued without a shadow of right, and we see no reason why he should not exercise that right when that occupancy is continued after he has made the purchase.

The court below correctly held that possession of a right of way over the land for ten years gave no title in the land itself to the railroad company. Cooper v. Smith, 9 Serg. & R., 33.

The judgment below must be reversed, and this court proceeding to render such judgment as should have been rendered there, adjudges and orders that the appellant recover of the appellee the land described in his petition and all costs of this court and of the court below, and have his writ of possession.

REVERSED AND RENDERED.

[Opinion delivered October 14, 1884.]