TEX. & PAC. R'Y CO. v. C. S. HAYS.

(No. 1990.)

APPEAL from Wood County. Opinion by WHITE, P. J.

3w 79
§ 56
3w314
3w429
3w474

WHITTAKER & BONNER, counsel for appellant.

B. B. HART, counsel for appellee.

§ **56.** *Trespass to try title; appropriate remedy when railroad company has taken possession of land for right of way, etc.; case stated.* This is an appeal from a judgment of the county court of Wood county, assessing damages to the owner, appellee, in a proceeding had by appellant to condemn its right of way over certain land. Appellant entered upon, took possession of, and built its road over said land in 1873 without condemning, or taking any steps to condemn, the same for right of way. At that time, the owners of the land were non-residents of said county. There is no evidence that said owners ever,

at any time, had notice of the entry upon and appropria-
tion of their land by appellant.   Eight years after the
railroad had been constructed over the land, and during
which time it had been continuously used by appellant,
to wit, in 1881, appellee Hays became the owner of said
land by purchase.   In 1882 he brought an action of tres-
pass to try title against appellant for that portion of said
land held and occupied by appellant as a right of way.
In the district court judgment was rendered for appel-
lant.   Appellee appealed, and the supreme court, on Octo-
ber 16, 1884, reversed the judgment of the district court,
and rendered judgment in favor of appellee Hays, for
the land, and awarded him a writ of possession therefor.
[Hays v. R. R. Co. 62 Tex. 397.]   Amongst other things
it was held by the supreme court, in its opinion, that "in
a suit between the owner of the soil and a railway com-
pany, whose title to an easement is without foundation,
and which is a trespasser, the owner is entitled to dispos-
sess the latter altogether;" that trespass to try title was
the appropriate remedy; and that the fact "that a rail-
way company, as a trespasser, occupied land long before
the plaintiff purchased, will not affect his right to sue,
nor will naked possession of the right of way over the
land for ten years bar his recovery."   Fifteen days after
the rendition of said judgment by the supreme court, ap-
pellant filed its petition in the county court to condemn
the right of way for its railroad over said land.   Com-
missioners were appointed to assess the damages, and
they assessed appellee's damages at $8,350 — that is,
$8,250 as the value of the railway track on the land,
and $100 as the value of thirty-three acres of the land
condemned as right of way.   To this award appellant
filed objections, that the damages were excessive; that
appellee was not entitled, as part of his damages, to the
value of the railway track built upon the land; that even
if appellant was a trespasser upon the land, the just
measure of compensation to appellee would be the value
of the land at the time it was appropriated by appellant,

and the injury or diminution in value thereby caused to the contiguous land of appellee. In answer to the objections, appellee pleaded, in substance, that the land and improvements thereon, when these condemnation proceedings were commenced, were worth $10,000; that the award was not excessive; and that the matters set up as objections to the award were *res adjudicata* under the decision and judgment aforesaid of the supreme court. The county court rendered judgment in conformity with the award, in favor of appellee for said damages, $8,350, with eight per cent. interest thereon, and costs. In rendering this judgment, the judge filed his written conclusions of law as follows: "1. The true measure of damages in condemning the right of way as it now stands is the value of all improvements made upon the land by the railway company, and the actual original value of the land condemned, as it stood before the railway company entered upon the same. 2. The right of the railway company to condemn under the statute, and thereby avoid the measure of damages above laid down, ceased to exist when Hays recovered the land in his suit of trespass to try title against said railway company now seeking to condemn. The plea of *res adjudicata* is fully sustained by the evidence, and the award of the commissioners is sustained."

§ **57.** *Res adjudicata; judgment for possession oj land merely does not adjudicate the right to railroad track, etc., thereon.* We will first notice the plea of *res adjudicata.* Touching directly upon this subject, the doctrine announced, and the full extent to which it was announced by the supreme court in said case of Hays v. R. R. Co. 62 Tex. 397, is that "a party in possession of another's land claiming an easement is a trespasser if his claim is without foundation. If, in a suit by the owner of the soil, the plaintiff shows title to the land and the defendant to the easement, the plaintiff recovers, subject to the right of the defendant to enjoy the easement. If the defendant shows no title of this character, the owner

of the land dispossesses him altogether." Now, whilst we admit that this rule gave to appellee, owner of the land, the title to the easement or right of way which the appellant was using, appellant being a trespasser, we do not understand that the fixtures, that is, the superstructure placed by appellant upon the land, although placed there without authority, became a part of the land, and that appellant should be dispossessed thereof by said judgment. That was not a question involved in the decision of the case as presented to and determined by the supreme court, and the plea of *res adjudicata* was not sustained by the evidence.

§ **58.** *General rule as to, and exceptions to such rule; improvements placed by railway company upon right of way do not pass as fixtures with the land; such improvements are not to be estimated as damages in condemnation of right of way.* The general rule is that fixtures once annexed to the freehold become part of the realty. But to this rule there are exceptions; as, for instance, where there is a manifest intention to use the fixture in some employment distinct from that of the occupant of the real estate. [Bouvier's Law Dic. title Fixtures; 3 East, 38; 4 Watts, 330; 2 Peters, 137; 30 Md. 347.] Mr. Pierce, in his standard work on Railroads, discussing improvements made by a railroad company during an illegal possession of land, says: "The laying of the rails or similar structures differs essentially from the ordinary transaction of placing fixtures on real estate, and is not governed by the same rules." [Pierce on Railroads, 219.] It certainly is, by law, made the duty of a railroad company seeking to take and appropriate the lands of the owner to its own use to ascertain, in the manner provided by law, the compensation to which such owner is entitled, and to make payment thereof before occupying the premises. Failing to do this, the company is a trespasser. But, though such is the *status* of the company in the eye of the law, yet, as was said by Chief Justice Brickell in Jones v. R. R. Co. 70 Ala. 227, "the neglect

of the duty, the wrongful entry and possession, does not preclude the company from resorting subsequently to the appropriate proceedings for the acquisition of the land, and of consequence availing itself of all the structures it may have placed thereon. [Justice v. R. R. Co. 87 Pa. St. 28; Secombe v. R. R. Co. 23 Wall. 108.] Though the company was a trespasser by reason of the neglect to pursue the proper remedy for acquiring the lands — acquiring them without the consent of the owner,— there is, in the right continuing in him to pursue the remedy, rendering the possession rightful, and by which title may be acquired, a plain distinction between the company and a common trespasser." . . . A distinguishing fact is, "the structures of the company were dedicated, not to the use and enjoyment of the freehold, but to public uses, which are the consideration for the grant to the company of corporate franchises, and of the right, in the exercise of these franchises, to take and appropriate private property. [Justice v. R. R. Co. *supra;* R. R. Co. v. Canton, 30 Md. 347; Morgan v. R. R. Co. 39 Mich. 575; Lyon v. R. R. Co. 42 Wis. 538.] These elements of the case distinguish it from that of the trespasser entering upon lands, fixing chattels to the freehold for its use and enjoyment, which he must intend to convert into realty, and which, following the title to the soil as one of its incidents, pass to the proprietor." Justice v. R. R. Co. 87 Pa. St. 28, is the leading case upon the subject. In that case, the doctrine held was that, " where a railroad company was a trespasser, and its entry upon land not in conformity with law, these irregular proceedings did not operate as a dedication to the land-owners of the property of the company placed upon the land, so as to entitle said land-owners to include said property in an assessment of damages under the railroad law, and recover their value as an accession to the value of the land taken by the company." In Morgan v. R. R. Co. 39 Mich. 675, it was held: "In assessing damages, work already done by the railway company upon the land can-

not be regarded as part of the realty for the purpose of increasing the damages." In Greve v. R. R. Co. 26 Minn. 66, it was held that, though the company was a trespasser because entering under a void charter, and whatever it affixed to the soil became a part of the land, and strictly belonged to the owner of the soil, yet, as in these condemnation proceedings, the question is, what is fair, just and equitable compensation to be paid to the owner for taking the land, and damages arising from taking the same, such owner is not entitled to have included as part of such compensation the value added to the land by the road-bed, ties, rails, etc., placed on it by the company. Our conclusion, from the authorities, is, that it was error to adjudge to appellee Hays, as part of his damages, the $8,250, the value of the railroad track and improvements, they not being such fixtures as would pass to the owner of the land as part of the realty, by the judgment in his action of trespass to try title.

§ 59. *Measure of damages for wrongful appropriation of land for right of way.* "Where a railroad company appropriates a portion of the land of another in the construction of its road thereon, without resorting to the statutory methods of ascertaining the damages [R. S. art. 4195], the measure of damages for the appropriation is the value of the land on the day it was taken, and that amount to be increased or diminished as the remainder of the tract has been injured or benefited by the appropriation of the part used in the construction of the road." [R. R. Co. v. Mathews, 60 Tex. 215.]

It was agreed by the parties that in case the judgment should be reversed, appellee was entitled to $500 as his damages. The judgment being reversed, judgment is rendered in accordance with said agreement.

. November 4, 1885.    Reversed and rendered.