M. F. Capps et ux. v. Texas & Pacific Railway Company.

Decided April 6, 1899.

**Railway Company—Right of Way—Ten Years Possession.**

Where a railway company, constructing its road across lands under a donation ·of the right of way from the owner, has maintained possession in the operation of its road for more than ten years, it acquires a permanent easement from which it can not be ousted, although the owner may be entitled to judgment for the title in fee of the land.

Appeal from Gregg. Tried below before Hon. W. H. Gill.

*Martin & Huffington,* for appellants.

*Duncan & Jones,* for appellee.

GARRETT, Chief Justice.—This action was brought in May, 1897, by Margie Capps, joined by her husband, M. F. Capps, against the Texas & Pacific Railway Company for the title and possession of a strip of land, described in the petition, occupied by the defendant with its roadbed and used as a right of way. The land lies within the limits of and adjoining the town of Longview. The defendant pleaded not guilty and the acquisition of an easement over the land, to use it for the purposes of a right of way for their railway, by the statute of limitations of more than two, four, and ten years prior to the filing of the suit. It also pleaded title to the land by limitation and by donation from O. H. Methvin, the ancestor of the plaintiff, Margie Capps, and in reconvention for title and possession. After the evidence was heard the court instructed the jury to return a verdict for the defendant upon its plea of limitation, and upon a general verdict of the jury in favor of the defendant the court rendered judgment that plaintiffs take nothing by their suit and that the defendant recover all costs. No notice was taken in the judgment of the defendant's plea in reconvention.

The plaintiff Margie Capps, was shown to be the owner of whatever title O. H. Methvin had in the land at the date of his death, which occurred in 1881, as one of his heirs and by conveyance from the others of them. O. H. Methvin, in the year 1872, verbally donated to the Southern Pacific Railway Company the right of way and an easement over the land for the construction and operation of a railroad. The land was taken possession of by the Southern Pacific Company in 1872, and the track and roadbed of the company was constructed thereon. The defendant succeeded to the rights and franchises of the Southern Pacific Company in August, 1872, and has ever since continuously maintained and operated its track and railway upon said land, using a right of way over the same. These facts appeared from undisputed evidence.

The defendant having entered upon and taken possession of the land for the purpose of constructing its line of railway thereon, under a verbal

gift of the right of way by Methvin, and having maintained and operated its railroad over the same for more than ten years, can not be ousted by the plaintiffs from its possession and use of the land as a right of way. Shepard v. Railway, 2 Texas Civ. App., 535. But it did not acquire an absolute title to the land. It acquired no greater right than the easement. Hays v. Railway, 62 Texas, 397. The judgment of the court below was that plaintiffs take nothing by their suit, the effect of which, under the pleadings, would be to bar the plaintiffs from any future recovery of the land from the defendant although it should abandon the use thereof as a right of way for its railroad.

The judgment should have been in favor of the plaintiffs for the title to the land subject to the use thereof by the defendant as a right of way, and it will be here reformed, and being reformed will be affirmed. Judgment will be entered against the defendant for all costs as well of the court below as of this court.

*Reformed and affirmed.*