## GALVESTON, H. & S. A. RY. CO. v. McIVER.
### (No. 8242.)

(Court of Civil Appeals of Texas. Galveston.
Oct. 12, 1922. Rehearing Denied
Nov. 2, 1922.)

**1. Railroads ⬅69—Prescriptive title to fee of right of way held not acquired.**

A railroad company which, without condemnation, entered on a strip of land for right of way, and constructed its road thereon, though fencing it as under Rev. St. art. 6603, it had a right in furtherance of its mere easement privileges, not having made any other use of it than it might had it condemned it, in which case, under article 6532, its right would not have included the fee, did not acquire the fee by limitations, notwithstanding possession for the requisite time.

**2. Costs ⬅61—Apportionment held proper.**

Defendant in action to recover title and possession of land, having claimed not only an easement for railroad right of way, but prescriptive title to the fee, and failed as to the latter, though successful as to the former, may not complain of assessment of half the costs against it.

Error from District Court, Harris County; Ewing Boyd, Judge.

Action by John N. McIver against the Galveston, Harrisburg & San Antonio Railway Company. Judgment was in part adverse to defendant, and it brings error. Affirmed.

Baker, Botts, Parker & Garwood and Garrison, Pollard & Berry, all of Houston, for plaintiff in error.

Fulbright & Crooker, of Houston, for defendant in error.

GRAVES, J. Defendant in error, McIver, filed this suit against the plaintiff in error, railway company, to recover the title and possession of a strip of land 100 feet wide by about three-fourths of a mile long running across the west end of the north half of the Freeling survey in Harris county, making the usual averments in trespass to try title, and further alleging, in substance:

That about the year 1879, when he and his predecessors in title owned the fee in and enjoyed the possession of the land, plaintiff in error built its line of railway from a westerly direction into the city of Houston on and over it, thereby, in connection with its continued use of the land for the purpose of operating thereon the main line of its railway, acquiring an easement over and across it for railroad purposes, which was the only kind of interest in or burden upon the land it would have been permitted to acquire or impose; "that on or about January 1, 1917, the defendant railway company voluntarily relocated its main line into Houston, and permanently abandoned the right of way over and across the land above described which they had theretofore used continuously since about the year 1879, and that such abandonment of their main line, and the continued failure to operate its trains over same, and their continued failure to maintain and operate their lines of railway over said property, constitute such an abandonment thereof as to deprive them of any right or title, if any, they ever acquired therein, and causes the title to revert to its original owner, his heirs and assigns, free from any and all claims or easement by this defendant."

The railway company answered by plea of not guilty, set up title in itself under the five and ten year statutes of limitation, and in the alternative averred that it had acquired a permanent easement in and right to possession of the land for railroad purposes, praying accordingly.

The cause was tried before the court without a jury, in part upon an agreed statement of facts as follows:

"1. That the land described in plaintiff's petition was owned by Edward H. Evans, Ellicott Evans, and Arthur Moore in 1879.

"(2) That the plaintiff and J. W. McIver acquired title to the said land by deed from Evans and others in 1886, as shown by deed of date February 25, 1886, filed for record March 17, 1886, in Deed Records, vol. 34, p. 300, Harris County, Tex., and that on March 15, 1886, the plaintiff acquired all the rights, title, and interest his brother, J. W. McIver, had in and to said land.

"(3) That in 1875 the defendant, the Galveston, Harrisburg & San Antonio Railway Company, entered upon said land, constructed its roadbed and right of way over and across said land, and operated trains and has continuously operated its main line until February 19, 1919, and had inclosed with a fence a strip of land 100 feet wide, being the land described in plaintiff's petition, for a period of more than 20 consecutive years."

Judgment was rendered in favor of McIver for the title and possession of the land, subject, however, to a permanent easement therein for railroad purposes in favor of the railway company, the costs being equally divided between the parties.

[1] The railway company sues out this writ of error, contending that, since under our statute it could acquire title by limitation, and the undisputed evidence showed that it had been in possession of the property and had had it under fence for more than 20 years, it acquired more than an easement, and was entitled to recover the title and possession of the fee in the land. We cannot so hold; the trouble with this position is that the railway company never had any other than a possession for railroad purposes, the mere fencing of its right of way not adding anything to the character of its use and occupancy, nor did that act affect McIver with notice that it was thereafter holding the land adversely to him for all purposes;

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

under Revised Statutes, art. 6603, it had the clear right to fence its right of way in furtherance of its mere easement privileges, the exercise of which the owner of the land was powerless to prevent, and there is here neither evidence of nor contention that the railway company made any other use of this land than that shown in paragraph 3 of the agreed stipulation of facts above copied; in other words, there is nothing to indicate that the plaintiff in error made any other or different use of this strip of land than it could have made—nolens volens in so far as the holder of the fee simple title was concerned—had it proceeded under our condemnation statutes and secured its right in that way; and, if it had so proceeded, the right it thereby acquired, under the express provisions of Revised Statutes, art. 6532, would not have included the fee-simple estate in the property, but would have been limited to a right of way for railroad purposes only. So we think the trial court correctly held that it acquired nothing more in this instance.

It is, of course, well settled in Texas, as plaintiff in error suggests, that under our statutes railway corporations may acquire title to land by limitation (Stevens v. Railway [Tex. Com. App.] 212 S. W. 639; Small v. McMurphy, 11 Tex. Civ. App. 409, 32 S. W. 790), but, as in cases affecting other such claimants, the essential incidents of those statutes must in fact be complied with; that, as our finding from the evidence here shows, was not done in this case. If, under the long-standing fence maintained here, there had also been shown other and different uses of this strip of land, or any part of it, than such as were merely incident to the operation of the railroad over it, a different question would have been presented. We think the conclusion expressed is sustained by the following authorities: 33 Cyc. 166, 167; Hays v. Railway Co., 62 Tex. 397; Railway Co. v. Gaines (Tex. Civ. App.) 27 S. W. 266; Capps v. Railway Co., 21 Tex. Civ. App. 84, 50 S. W. 643.

The facts otherwise disclosed that, while the railway company abandoned this portion of its main line entering Houston, and operated no through trains over this property from about the time charged in the plaintiff's petition below, it never removed its track therefrom and continued to use it for the purpose of placing and storing defective cars; this accounts for the trial court's holding that its easement for railroad purposes continued.

[2] Complaint is also made at the assessment of one-half the costs in the court below against the railway company, but we think it without merit.

Finding no error, the judgment is affirmed. Affirmed.

### On Motion for Rehearing.

As the context clearly indicates, the expression "for railroad purposes" in that part of our original opinion reciting that "the railway company never had any other than a possession for railroad purposes" should have read "for right of way purposes"; beyond that correction, it is not deemed desirable that addition be made to what was there said on the subject.

Plaintiff in error's insistence on rehearing that the deed from Evans and others to McIver affected the latter with notice that any part of the land sued for in this cause was then held adversely to those under whom he was acquiring a title is wholly untenable; by the express terms of the agreed statement of facts on which the cause, as to that feature, was tried, the recitation in this deed excepting about 25 or 30 acres from the general warranty could not have had reference to "the land described in plaintiff's petition" in this suit, because the title to that was agreed to be in McIver and those under whom he held.

The motion is overruled. Overruled.