## JACOB RICHLEY

*v.*

## MARTIN FARRELL.

SECONDARY EVIDENCE—*abstract of title under act of* 1872. Where the original records were destroyed by fire, and it was shown that certain deeds in a chain of title were destroyed, or could not be found, and an abstract of the title was produced, which had been made several years before by a firm whose business it was to make examinations of titles, and it appeared that such abstract came from a former owner of the land in dispute, it was *held*, that it would be presumed that such abstract was made and delivered to some former owner and handed down as an accompaniment of the muniments of title, and therefore admissible in evidence in proof of title in the place of the lost deeds.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action of ejectment, by Martin Farrell, against Jacob Richley, John Lehman, Jacob Comb, Lucie Stindell, Margaret Hanley, Edward Kinna, Eliza Ridney, Michael Waters, George Rider, Adam Knapp, and Timothy Tierney, to recover a portion of a lot of ground in Wilder's North Addition to the city of Chicago.

A trial was had and judgment rendered in favor of the plaintiff below, from which judgment Jacob Richley appealed to this court. The facts of the case are stated in the opinion.

Messrs. RUNYAN, AVERY, LOOMIS & COMSTOCK, for the appellant.

Messrs. HILLIS & CHRISTIAN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of-the Court:

This was an action of ejectment to recover possession of a portion of a certain lot of ground in Wilder's North Addition to Chicago.

The only ground of error relied on for the reversal of the judgment recovered by the plaintiff in the court below is, that there was not the necessary preliminary proof made to warrant the introduction of the abstract of title in evidence.

The statute in that regard provides that, whenever it shall be made to appear in any court in which any suit may be pending, that the originals of any deeds, etc., relating to any lands in controversy in the suit, are lost or destroyed or not within the power of the party to produce the same, and the records of such deeds, etc., are destroyed by fire or otherwise, it shall be lawful for any such party to offer in evidence any abstract of title made in the ordinary course of business prior to such loss or destruction, showing the title of such land, that may have been made and delivered to the owners or purchasers or other parties interested in the land, the title, or any part of the title of which is shown by such abstract of title.    Laws 1872, p. 662, sec. 24.

The only conveyances in the chain of title which it was not in the power of the plaintiff below to produce upon the trial, were the patent to Wilder, the deeds from Wilder to Power, (or Bauer,) from Power (or Bauer) to Fries, and from Fries to Welsh.

The plaintiff below testified that he made inquiry of Wilder for the patent, and the latter informed him he did not have it, and thought it was burned; that he applied to Power, (or Bauer,) who informed him he had not his deed, but gave it to Fries, at the time he sold to him; and that Fries informed

plaintiff that he gave the deeds to Welsh. That plaintiff then wrote to Welsh, who resides in Colorado, and received a letter from him, which was produced, stating he had made search among his papers, and that he had not got the deeds, and that the writer's recollection was that he left them with James Hyde, and that unless Hyde had them, they must have been burned in the Chicago fire; that after receiving the letter, he went to Hyde, who stated that he could testify he had had Welsh's papers, but they were burned.

In addition, Wilder, Fries, and a daughter of Power, (or Bauer,) were produced as witnesses, who gave confirmatory testimony of the existence of the deeds, and the passing them over to the subsequent grantees, Wilder testifying that he had not seen the patent for twenty-two years; that he had made repeated search for it among his papers, and was not able to find it. Hyde also was produced, and testified as to having some, if not all, the deeds in his possession for Welsh, and that they were burned.

Wilder, in answer to a question who he thought had the patent, stated that he supposed Laflin had it, and it is insisted that application should have been made to Laflin. But there was so much of vagary in Wilder's precedent testimony in this particular, that no reliance could be placed upon this statement, as affording a likelihood that the patent was in Laflin's hands.

It was admitted that the original records in the recorder's office were burned in October, 1871.

Mr. Chase, of the firm of Rees, Chase & Co., testified that his business had been, for more than twenty years, examining titles in Cook county; that the abstract of title which showed title in Welsh by the above named patent and deeds, was made by his firm March 10, 1857, in the ordinary course of business, before the destruction of the records; that he does not know for whom the search was made.

It is objected that the evidence fails to show that the abstract was " made and delivered to the owners or purchasers,

or other parties interested in the land," as required by the act.

The subsequent conveyances in the chain of title were, deeds from Welsh to Lombard, from Lombard to the Fifth National Bank, and from the bank to the plaintiff. The plaintiff testified that he got the abstract from the attorney of the bank at the time he bought the lot; that he got all the papers together, the abstract and the deeds from Welsh and from Lombard.

The abstract being found in the hands of the grantee and owner of the title, among the deeds from two prior grantees, it must be presumed that it was made and delivered to some former owner or purchaser, and handed down as an accompaniment of the muniments of title.

We are of opinion that the evidence shows that reasonable efforts were made to procure the original instruments; that further efforts would probably be unavailing, and that it sufficiently appears that they were destroyed, or that it was not within the power of the plaintiff to produce them, and that the abstract of title was properly received in evidence. *Bestor* v. *Powell*, 2 Gilm. 119; *Newsom* v. *Luster*, 13 Ill. 176.

The judgment of the court below is affirmed.

*Judgment affirmed.*