SARAH J. CORNWELL *et al.*

*v.*

JACOB CORNWELL.

1. PAROL EVIDENCE—*to locate land from description.* Parol testimony is admissible to aid in locating land by the description contained in a deed or mortgage, and that is not, in fact, reforming the deed.

2. SAME—*to show what land grantor owned.* The parol testimony of a witness as to what the records show in relation to the land owned by a party at the time of the execution of a mortgage, is not admissible. The deeds, or the record of the same, where the originals can not be obtained, are the best evidence.

3. DESCRIPTION—*aiding uncertainty therein.* Where land in a mortgage is described as, " a certain tract or parcel of land, containing about seventy acres, being a part of the E. ½ S. E. ¼ sec. 17, T. 21 N., R. 2 W., or however else the same may be bounded or described," the same may be identified and located by proof that the mortgagor, before the execution of the mortgage, owned the east half south-east quarter section 17, containing 80 acres, and had conveyed a part thereof, which, deducted, would leave "about seventy acres."

APPEAL from the Circuit Court of Logan county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. PARKS & ALLEN, for the appellants:

The deed of a married woman can not be reformed without her consent. *Trustees, etc.* v. *Davidson,* 65 Ill. 126; *Hutchinson* v. *Huggins,* 59 id. 34; *Moulton* v. *Hurd,* 20 id. 143.

When no particular part of a tract is conveyed, and the evidence only shows how much the grantor owned, while the description is for less than he owned, the description is void for uncertainty. *Colcord* v. *Alexander,* 67 Ill. 584.

When a certain number of acres in a tract are conveyed without designating in what part of the tract they are situated, the deed is void for uncertainty. *Shackleford* v. *Bailey,* 35 Ill. 391.

When the description is ambiguous on its face, that is, where a patent ambiguity exists, no evidence is admissible to explain it, and the deed is void. *Purinton* v. *Northern Illinois Railroad Co.* 46 Ill. 300; *Marshall* v. *Gridley,* 46 id. 252; *Shirley* v. *Spruce,* 4 Gilm. 601; 1 Greenl. Ev. p. 345, sec. 300; 2 Starkie's Ev. part 1, p. 755; Gresley's Eq. Ev. 198.

Messrs. HOBLITT & STOKES, for the appellee:

The number of acres being given and the tract of land embracing them being given, the deed is valid under the authority of *Smith* v. *Crawford,* 81 Ill. 296, and the authorities there cited.

As to the ambiguity of the mortgage, counsel also cited 1 Greenl. Ev. sec. 298; *Clark* v. *Powers,* 45 Ill. 283.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was to foreclose a mortgage, made by Abram Cornwell, since deceased, his wife joining with him in the execution, on premises described as follows: " A certain tract or parcel of land containing about seventy acres, being a part of the E. ½ S. E. ¼ sec. 17, T. 21 N., R. 2 W., or however

else the same may be bounded or described," to complainant to secure the promissory note of Abram Cornwell, bearing date January 20, 1866, payable one year after date, to the order of complainant, with interest at the rate of ten per cent per annum.

Although the bill asks that the mortgage may be "reformed and corrected" so as to show a more accurate and definite description of the premises embraced in the mortgage, it is conceded it can not be reformed as against the wife of the mortgagor. We do not understand it was the purpose, in introducing testimony, to have the mortgage reformed, but it was simply to aid in locating the land by the description contained in the mortgage; and that is allowable, under the decision in *Colcord* v. *Alexander*, 67 Ill. 584. That is not, in fact, reforming the mortgage as to the wife of the mortgagor or any one else.

It was attempted to prove that the mortgagor owned the whole of the east half south-east quarter described, and that, prior to the execution of the mortgage, he had conveyed a part of the tract, which, deducted, would leave "about 70 acres." But the testimony offered to prove that fact we think was not the best evidence accessible for that purpose. The only evidence on that question was the oral testimony of Hahn and the abstract of title made by him. The witness, as we understand the record, was permitted to state what the record showed. That was not allowable under any rule of evidence with which we are familiar. The deeds, or the record of the same if the originals could not be obtained, were the better evidence and ought to have been produced. The description given by the witness Hahn, of the tract which it is said the mortgagor had previously conveyed, does not bound any tract of land. The deed itself, or the record, would show what land was, in fact, conveyed.

On account of the admission of improper evidence over the objection of defendants, the decree will be reversed and the cause remanded.

*Decree reversed.*