THE CHICAGO AND ALTON RAILROAD COMPANY

v.

FRANK KEEGAN et ux.

*Filed at Ottawa October 29, 1894.*

1. DEEDS—*of canal lands by Governor—need not be acknowledged.* Under section 1 of the act of March 1, 1845, a deed to canal lands made by the Governor need not be acknowledged. It is sufficiently proved if executed under the seal of State.

2. BURNT RECORDS ACT—*should be construed liberally.* The Burnt Records act is a remedial statute, passed to meet a great public evil, and it should receive a liberal construction.

3. SAME—*abstracts presumed to be written and signed at their dâtes.* It is a presumption of law, subject to rebuttal, that abstracts, like other documents, were made, written and signed on the days they bear date.

4. SAME—*admissibility of abstracts of title under.* Abstracts being admissible in evidence only by virtue of the statute, the burden is upon the party offering them to bring them, by proper proof, within the terms of the statute.

5. SAME—*proof to bring case within the statute may be circumstantial.* To entitle one to introduce an abstract in evidence under the Burnt Records act, it is not necessary that any witness should testify from personal knowledge that such abstract was made, in the ordinary course of business, prior to the loss of the original. For statement of proof held sufficient, see body of opinion.

6. EJECTMENT—*possession of defendant not presumed.* There is no presumption that a defendant in ejectment has been in possession during any period of time, but such possession, if it exists, is a matter of defense to be shown by the defendant.

7. SAME—*admission of title in plaintiff's grantor.* If a squatter upon property admits title in the plaintiff's grantor, it is not necessary for the plaintiff to trace his title beyond such grantor.

8. SAME—*lease from plaintiff's grantor admissible, though it does not estop.* A lease by plaintiff's grantor to defendant, executed by an agent, will not, without proof of the agent's authority, estop defendant from denying the lessor's title ; but such a lease, being an admission by the defendant, in writing and under seal, of the title of such grantor, is admissible in evidence.

9. ESTOPPEL—*must be mutual.* An estoppel must be mutual, and bind both parties, and one who is not bound by it cannot take advantage of it.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. LEE & HAY, and Mr. M. J. SCRAFFORD, for the appellant :

The Governor's deed was a public grant, and of the character and dignity of a patent. It proves itself. The conveyance by which the title to public lands is transferred by the government to individuals is called a public grant, the general principles concerning which are equally applicable to lands belonging to the State government. Tiedeman on Real Prop. sec. 744.

Patents under the States derive their authority from the great seal of the State being annexed to the same. 2 Washburn on Real Prop. 520, sec. 12.

A patent conveys the title of the government, and is under the hand of the chief executive officer and the great seal of State. *Hulick* v. *Scovil,* 4 Gilm. 174.

For a transfer by the United States, or by a State, of title to land no particular form is required. It may be done by special act of legislation, or by a patent issued by one authorized to represent the sovereignty. 2 Washburn on Real Prop. 525, sec. 29.

As a patent, the deed was proved by the seal of State affixed to it, and the place and office of an acknowledgment as a statutory requisite in other cases were here fully performed and supplied by the seal. An acknowledgment has never been held in this State any part of a deed, (except in the case of married women,) and it is wholly immaterial when the execution has been or is otherwise proved or attested. *Stevenson* v. *Thompson,* 13 Ill. 186; *Winstanley* v. *Meacham,* 58 id. 99; *Osgood* v. *Blackmore,* 59 id. 272.

Being a public document, and not between private parties, it was admissible without proof of execution, or showing that it was acknowledged or recorded. *Rhinehart*

*v. Schuyler*, 1 Gilm. 167 ; *Graves* v. *Brown*, id. 279 ; *Thompson* v. *Schuyler*, 2 id. 523 ; *Irving* v. *Brownell*, 11 Ill. 410.

By statute, deeds by the canal trustees, under the corporate seal, are admitted in evidence without acknowledgment or further proof.   Rev. Stat. chap. 19, sec. 10.

If the lease referred to is admissible for any purpose it is admissible for all purposes, and if it is good for anything, Keegan is hardly in a position to deny the title deraigned through his lessors.   *Carter* v. *Marshall*, 72 Ill. 711; *Lucas* v. *Brooks*, 18 Wall. 436 ; *Bowdish* v. *Dubuque*, 36 Iowa, 341.

The time for him to have objected was before the lease was entered into, and then afforded an occasion for trying titles and right of possession with him.   In legal contemplation he acquired possession from appellant's grantors. *Bowdish* v. *Dubuque*, 38 Iowa, 341.

Messrs. Windes & Sullivan, for the appellees :

If the lease to Keegan was admissible in evidence, then he is entitled to notice to quit or demand for possession before ejectment can be maintained.   Keegan, under this lease, if it is a valid one, is a tenant for one year, expiring May 1, 1886, and he has held over.   A tenant for one year, holding over after the expiration of this term, is a tenant from year to year, and entitled to notice to quit before ejectment can be brought against him.   Tyler on Ejectment, 214.

It is not only necessary that the tenant's term must have expired, but "there must also have been a lawful demand, in writing, of possession made and signed by the landlord or his agent," before ejectment can be maintained.   Woodfall on Landlord and Tenant, 854.

Where there is a tenancy from year to year, an action of ejectment can not be maintained unless the tenants have had sixty days' notice to quit.   *Herrell* v. *Sizeland*, 81 Ill. 459.

Where a person has entered with permission from the owner, he is not a wrongdoer, and can not be until required, by demand, to surrender the possession, and refuses. *Railroad Co.* v. *President,* 34 Ill. 201; *Smith* v. *Railroad Co.* 67 id. 196; *Murphy* v. *Williamson,* 85 id. 151; *Holston* v. *Needles,* 115 id. 464.

Mr. Justice Baker delivered the opinion of the court:

This is ejectment, brought by the Chicago and Alton Railroad Company, against Frank Keegan and Catherine Keegan, his wife, to recover certain specified parts of lots 2 and 3, in Brainard & Evans' subdivision of block 2, in canal trustees' subdivision of the south fractional section 29, township 39, north, range 14, east, in the city of Chicago.    The case was tried before the court without a jury, and the court found the defendants not guilty, and rendered judgment accordingly; and from the judgment so rendered the plaintiff company prosecuted this appeal.

The property in controversy is a part of the land donated by the United States to the State of Illinois to aid in the completion of the Illinois and Michigan Canal. Plaintiff offered in evidence a deed of such land, executed by the Governor of this State, under the seal of State, and attested by the Secretary of State; but the court, on objection, refused to receive it, on the ground that it was not acknowledged and its execution was not proved.    In this the court erred.    The deed was executed pursuant to the requirement of section 1 of an act approved March 1, 1845, "Supplemental to 'An act to provide for the completion of the Illinois and Michigan Canal, and for the payment of the canal debt,' approved February 21, one thousand eight hundred and forty-three." (Laws of 1845, p. 31; Rev. Stat. 1845, appendix, p. 600.)    And that section only requires that the Governor shall execute the deed under the seal of State.    It does not require that he shall acknowledge it.    The deed being executed under the seal of State, its execution requires no other proof. We take judicial notice that the seal of State is what it

purports to be.    1 Greenleaf on Evidence, sec. 479;
2 Washburn on Real Prop. (2d ed.) 534; *Patterson* v. *Winn,*
2 Pet. *232, *241.

Plaintiff offered in evidence certain abstracts of title
made by Rees, Chase & Co., and Chase Bros., and Jones &
Sellers, but, on objection of defendants, the court refused
to receive those made by Rees, Chase & Co. and Chase
Bros., for the reason that it was not proved that they
were made in the ordinary course of business, and not
proved that they were made prior to the destruction of
the originals. The statute under which this evidence was
offered requires that the abstracts shall have been made,
in the ordinary course of business, prior to the loss or
destruction of the originals, to entitle them to be read in
evidence.    (2 Starr & Curtis' Ann. Stat. chap. 116, par.
29, sec. 24.)  The evidence being admissible only by virtue
of the statute, the burden was upon the plaintiff to bring
the proffered abstracts within the terms of the statute.

The testimony of Fernando Jones in regard to the mat-
ter is, as it appears in the abstract, as follows :   "Reside
in Chicago.  Am examiner of titles to lands in Cook county.
I mean by that that I have been engaged a great many
years in the business of making abstracts of title.  Now
the business is in the hands of a manager representing a
corporation.   The corporation is the Guarantee and Trust
Company, and the manager is Henry H. Handy.  Have
been engaged in that business directly since about 1855,
but in the business of examining titles since the 26th day
of May, 1835, when I went into the land office at Chicago.
Have been doing business as an abstract maker since
1855, under the styles of Fernando Jones & Co. and Jones
& Sellers.  During the same period there were other firms
engaged in the same business in this county.

"Mr. Windes :  I will admit that the abstracts pro-
duced by counsel here are made by Rees, Chase & Co. and
Chase Bros., and that Rees, Chase & Co. and Chase Bros.
were abstract makers at the dates these abstracts bear.

"The Court: Do you know whether these abstracts were made in the regular course of business?

"A. Yes, sir.

"Counsel: Now state the times when made, and by whom.

"A. June 3, 1858, by Rees, Chase & Co. July 31, 1862, by Chase Bros., successors to Rees, Chase & Co."

And the cross-examination of Jones is abstracted as follows: "In regard to the abstracts of which I have testified, except as to the abstracts made by Jones & Sellers, I only know the handwriting of the body of them and the certificate and the signatures of the parties; don't know that I have any other personal knowledge of them, except that I have had them in my hand, and in the course of business have made continuations to them, so that I am very familiar with all the abstracts there. That is all the personal knowledge I have of them."

In *Smith* v. *Stevens et al.* 82 Ill. 554, this court, having under consideration the provisions of the Burnt Records act, used this language: "The condition of property owners in Chicago after the great fire of October, 1871, was appalling, demanding legislative interference. A great evil had befallen them, which this act was designed to remedy. It is emphatically a remedial act, and, in accordance with a well established canon, it must receive a liberal construction, and made to apply to all cases which, by a fair construction of its terms, it can be made to reach."

Section 24 of the act now under consideration, prior to its amendment in 1887, (Laws of 1887, p. 258,) also contained a further provision that the abstracts of title thereby made competent evidence must "have been made and delivered to the owners or purchasers or other parties interested in the land." In *Richley* v. *Farrell*, 69 Ill. 264, the court, in passing upon the objection that the evidence failed to show that the abstract was made and delivered to the owners or purchasers or other parties

interested in the land, as required by the act, said : "The abstract being found in the hands of the grantee and owner of the title, among the deeds from two prior grantees, it must be presumed that it was made and delivered to some former owner or purchaser, and handed down as an accompaniment of the muniments of title."

We think that a like liberal rule should prevail in regard to the clause of the same section now before us. One of the abstracts now in question bears date June 3, 1858, and the other bears date July 31, 1862. Since these dates a new generation has appeared upon the stage of life and is now engaged in transacting its business. For aught that appears in this record, it may well be that no member of the firm of either Rees, Chase & Co. or Chase Bros., and no employee of either firm personally conversant with the circumstances under which the abstracts were made, now survives, and also be that the person to whom they were delivered is dead. If the statute is to receive a fair and liberal interpretation, and such as will effectuate the intention of the legislature, it will not do to require, absolutely, that a witness must appear upon the stand who is able to testify, from his own actual personal knowledge and recollection, that the abstract sought to be availed of was made in the ordinary course of business, and prior to the loss or destruction of the original deed or instrument. If the true intent and meaning of the statute require that much, then the tenure of owners of unoccupied real estate in Cook county is precarious, indeed.

Plaintiff introduced in evidence a warranty deed for that part of the property in litigation that is in lot 3, from John Evans and wife to George Straut, and a deed from George Straut and wife to itself for the same property, and also introduced a warranty deed from David Dows and wife to itself for the part of the property that is in lot 2, and an abstract of title made and certified on July 12, 1869, by Jones & Sellers, showing a deed for last

mentioned property, dated June 15, 1865, from Augustus Griffin to said David Dows, for the stated consideration of $75,000, and also introduced in evidence other muni- ments of title for the parts of each of said lots that are here claimed, and in connection with all these various muniments of title it produced and offered as evidence, proper foundations being laid by affidavits, the excluded abstracts made by Rees, Chase & Co. and Chase Bros. It was admitted by defendants, in open court, that the abstracts produced were made by Rees, Chase & Co. and by Chase Bros., and that those firms were abstract mak- ers at the dates the abstracts bear, and it was proved by Jones that he had been doing business in Chicago as an abstract maker since 1855, and was thoroughly conversant with the business, and with the firms engaged in the same business in the county during the same period; that he knew the handwriting of the bodies of the abstracts, and of the certificates to them, and of the signatures, and that he has had the abstracts in his hands, and is very familiar with them, and in the course of business has made con- tinuations to them. We think that these admissions and this evidence, taken in connection with the fact that plain- tiff produced these abstracts along with a number of original deeds in the chain of title, and other undisputed muniments of title in the chain, are sufficient to show, *prima facie*, not only that such abstracts were made and delivered to some former owner or purchaser, and handed down as accompaniments of the muniments of title, but also that they were so made and delivered by Rees, Chase & Co. and Chase Bros. in their ordinary course of business as abstract makers. It seems to us that there is no other reasonable conclusion deducible from the premises.

There is no force in the objection that it is not shown that the abstracts were made prior to the destruction of the original deeds and other instruments. It appears from the evidence that these originals were destroyed in the great Chicago fire of October, 1871. One of these ab-

stracts is dated June 3, 1858, and the other July 31, 1862. The rule is, that it is to be taken, *prima facie*, that documents were made, written and signed on the day or days that they bear date. Such is the presumption of the law, but it is not an irrebuttable presumption. *Abrams* v. *Pomeroy*, 13 Ill. 133 ; *Jayne* v. *Gregg*, 42 id. 413 ; *Darst* v. *Bates*, 51 id. 439 ; *Knisely* v. *Sampson*, 100 id. 573 ; Am. & Eng. Ency. of Law, sec. 5, p. 78, and very numerous authorities cited in note 4.

Referring to section 9, paragraph 14, chapter 116, of the statutes, defendants call attention to the fact that under the statute there can be no presumption that any of the instruments shown by the abstracts were executed or acknowledged according to law, as to persons in actual possession of the lands at the time of the destruction of the records, unless such persons were claiming title under a sale for taxes or special assessments ; and in that connection the claim is made, that even if the abstracts had not been excluded, yet the finding could not have been for plaintiff, because it did not introduce evidence to show either that the defendants were not in actual possession of the land when the records were destroyed, in 1871, or that they claim title under a sale for taxes or special assessments. It is a sufficient answer to this to say that there is no presumption of law that the defendants were in actual possession of the premises in 1871, that the statute does not impose upon plaintiff the burden of proving a negative, and that the actual possession mentioned in the statute is a matter of defense, and that the burden of establishing it devolved upon defendants.

Even if we were wrong in all our conclusions in regard to the abstracts, yet, under the evidence in the record, and wholly disregarding the excluded abstracts, the finding of the trial court should have been for the plaintiff in respect to the part of lot 3 that is sought to be recovered in this suit. As we have already seen, the deed of the Governor of the State to the canal trustees should have

been admitted in evidence. Section 11 of chapter 19 of the statutes (1 Starr & Curtis' Stat. p. 379,) provides that copies of the books and entries of the sale or conveyance of any lands or lots that have been sold or conveyed by the trustees of the Illinois and Michigan Canal, or have been or may be sold or conveyed by the canal commissioners, under any law of this State, certified to be true and correct copies of such books or entries by the secretary of the canal commissioners, under the official seal, shall be *prima facie* evidence of the facts stated in such books or entries, and of the title in the party to whom such lands or lots appear, by such certified copies, to have been sold or conveyed, his heirs or assigns. Here there was in evidence, and, as the record shows, without any objection being made to its introduction, a certified copy, under the hand of the secretary and the corporate seal of the Board of Canal Commissioners, of a sale and conveyance to Daniel Brainard of the whole of block 2 of the canal trustees' subdivision of fractional section 29, township 39, north, range 14, east of the third principal meridian, south of the south branch of the Chicago river. There was also in evidence a sworn copy of Brainard & Evans' subdivision of said block 2. And this was clearly competent evidence, under section 24 of the Burnt Records act, as amended by act approved June 15, 1887. (Laws of 1887, p. 258.) There was also in evidence the original deed of partition between Daniel Brainard and John Evans of lots 2 and 3 in said Brainard & Evans' subdivision of block 2, in which lot 3 was set over to John Evans. There was also in evidence a sworn copy of the abstracter's minutes of the record of a quit-claim deed from Daniel Brainard and wife to John Evans of said lot 3. This evidence was also competent under above mentioned section 24, as amended in 1887.

Some question is made in respect to the sufficiency of the minutes. We have not deemed it necessary to examine in regard to this matter, and for the reason that even

if the objections are well taken, the conveyance to Evans is worked out through the original deed of partition; and, as we have already herein seen, there was also in evidence an original warranty deed from John Evans and wife to George Straut, for that part of lot 3 lying south of the railroad, and an original deed for same premises from said Straut and wife to the plaintiff.

Plaintiff offered in evidence what purported to be a lease by Evans and Dows to the defendant Frank Keegan of the property in controversy. The instrument purports to be for a term from May 1, 1885, to May 1, 1886, for one dollar, and to be executed on the part of the lessors, only, by H. G. Lunt, agent. There is no evidence that Lunt was empowered to make the lease, nor is there any evidence of possession and enjoyment under and by virtue of the lease, nor of recognition of or acquiescence in the lease by the claimed lessors. The court refused to receive the evidence. It is unnecessary to determine whether a lease thus executed, followed by entrance or possession and enjoyment pursuant to its terms, would be binding on the lessee as against his plea of the Statute of Frauds, inasmuch as there is no such evidence here, and no offer to make proof to that effect. We think that a lease thus executed does not estop the lessee from denying that the claimed lessors had title. The rule is, that estoppels by lease must be mutual and reciprocal, and since Evans and Dows could not be estopped by the act of Lunt in signing the lease, in the absence of evidence that it was, in the first instance, pursuant to authority given by them to him, or that it was subsequently acquiesced in and ratified by them, Keegan can not be estopped by his act in signing the lease. Taylor on Landlord and Tenant, (2d ed.) sec. 90, and authorities cited in note. The rule in question is but an application of the general rule that an estoppel must bind both parties, and that one who is not bound by it can not take advantage of it. See *First Nat. Bank* v. *Northwestern Nat. Bank, ante,* p. 296.

Although the supposed lease could not work an estoppel, yet we think that, under the circumstances of the case as it stood at the trial, it was error to exclude it. It was an admission by the defendant Frank Keegan, in writing and under seal, of the title of Evans and Dows, the grantors of the plaintiff. It was held in *Sykes* v. *Hayes*, 5 Biss. 529, that where a squatter has admitted title in the plaintiff's grantor, it is not necessary that the plaintiff produce other evidence of title than the conveyance from his grantor.

For the errors indicated herein, the judgment is reversed and the cause remanded.

*Reversed and remanded.*