## Thomas Pumphrey, Appellee, v. Carrie L. Giggey, Appellant.

### Gen. No. 5,218.

1. DRAM-SHOP ACT—*how ownership of premises established.* The ownership of the premises upon which a dram-shop is conducted should be shown by the deeds, or in the absence of such deeds, by the records thereof; abstracts of title made by an abstract company are not competent for that purpose, nor are inventories filed in connection with an estate not prepared under authority of the defendant.

2. EVIDENCE—*when telephone conversations incompetent.* In order that a telephone conversation may be competent, the party testifying thereto must be able to identify the voice of the person with whom he was speaking.

3. PLEADING—*effect of averment under videlicet.* If time is averred under a videlicet proof of the exact date alleged need not be made.

Action in case. Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed October 19, 1909.

A. PHILIP SMITH and CHARLES W. FERGUSON, for appellant.

E. D. REYNOLDS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case under section 9 of chapter 43 of the Revised Statutes, begun by Thomas Pumphrey to recover damages from Thomas Malana and Carrie L. Giggey for the loss of an eye. The jury returned a verdict in favor of plaintiff for $1,000 upon which judgment was rendered and the defendant Giggey appeals.

The declaration alleges that Thomas Malana on, to wit, December 26, 1907, occupied and used a certain building and premises in the city of Rockford for a dram-shop and that he therein sold intoxicating liquor to Albert Copeland, causing his intoxication and that Carrie L. Giggey was the owner of said building at the time, with a knowledge that intoxicating liquors were therein sold by Thomas Malana, and that in consequence of said intoxication of Copeland he threw a glass cup against Pumphrey thereby wounding him so that the sight of plaintiff's eye was wholly destroyed.

It is assigned for error by appellant that incompetent evidence was admitted concerning the ownership of said premises and that there was no evidence upon which the judgment could be sustained against appellant. On the trial the appellee offered in evidence from the files of the Probate Court of Winnebago county an inventory signed by Louisa Wunder, administratrix, filed in the estate of George Wunder in February, 1904, which was marked exhibit ''B,'' describing the real estate claimed to have been owned by George Wunder at the time of his death, which included the premises aforesaid. There was also offered in evidence a petition for letters of administration in the estate of George Wunder, signed by Louisa Wunder, filed in February, 1904, which shows that Louisa Wunder was the widow and Caroline Giggey the heir at law of George Wunder. The petition for letters of administration and the inventory were both admitted over the objection of appellant. The inventory, exhibit ''B,'' and the petition for letters of administration are

not in the bill of exceptions, but papers purporting to be copies of those documents are attached to the bill of exceptions after the signature of the judge; hence they are no part of the record and are not before us for our consideration. If the inventory and letters of administration were in the record we fail to see how they would bind appellant. They were papers prepared by some other person in the estate of George Wunder, and to be competent against appellant, she must be shown to have knowledge of them and to have done some act or received some notice in relation thereto which would bind her. The record does not show that any judicial action had been taken upon said exhibit "B."

W. A. McPhail was permitted to testify over the objection of appellant, that he was the abstractor of deeds connected with the Rockford Abstract Company; that he examined the title to the premises in exhibit B on December 26th, and prior thereto, and found the record of the title to be in the heirs of George Wunder, deceased. A motion was made to strike out this testimony and it was overruled. He also testified that he did not know who were the heirs of George Wunder are further than he found from the files of the estate of George Wunder, and that the saloon of Malana was situated on the premises described in exhibit "B." The testimony of the witness McPhail was incompetent. He testified to a mere conclusion. He was connected with the Rockford Abstract Company and does not even say that he examined the public records. Abstracts of record are only admissible under the statute, and to make them competent the burden is upon the party offering them to bring them by proper proof within the terms of the statute. Chicago & Alton R. R. Co. v. Keegan, 152 Ill. 413.

The ownership could be proved either by the deeds themselves or if the deeds could not be obtained by the records thereof under certain circumstances. If the title is not directly in issue the rule as to the best evidence does not apply; proof may be made of the

declarations of the owner or by acts of ownership or control. When it appears that the knowledge of a witness as to the title is derived from some written instrument relating to the title his testimony will not be received unless such instrument is produced or its absence satisfactorily accounted for. 12 Encyc. of Ev. 544. Parol testimony is not admissible as to what records show concerning the ownership of land. Cornwell v. Cornwell, 91 Ill. 414.

The attorney for appellee became a witness on the trial and testified to a conversation over the telephone with a person who called him over the telephone and said she was Caroline Giggey, and that she said she was the owner of the property; but he does not testify that he knew her voice so that he could know that she was the party talking, except from the conversation that occurred. Unless there was some proof that he knew the voice of Caroline Giggey or that Caroline Giggey was the person talking or that the conversation came over a telephone under the control of Caroline Giggey, the evidence of Reynolds was not proper. There is nothing in the record to show that this conversation was with Caroline Giggey, except the statement of the party at the other end of the telephone, and Caroline Giggey would not be bound by the statements of a stranger. To admit statements made over the telephone without proof of some fact or circumstances which tends to show who the speaker is would be a very dangerous precedent.

The ownership of the saloon property by Caroline Giggey was a material question, and was the only fact which would make her liable for the loss of appellee's eye. Appellee should have been prepared to prove that ownership by competent testimony. Because of this admission of incompetent testimony this case must be reversed.

Complaint is also made of the 1st, 7th and 10th instructions given on the part of the appellee. The tenth instruction has been approved in Cicero & Proviso St. Ry. Co. v. Brown, 193 Ill. 274, and is not subject to any

objection. The first instruction told the jury that if they believed from the evidence that Malana on or about the 26th day of December sold intoxicating liquor to Copeland and thereby caused the intoxication of Copeland, etc. The declaration alleges that the sale was made on, to wit, December 26th. The time being averred under a *videlicet*, it was not necessary that the sale should be proved to have been made on the date so alleged. There was no error in the instruction.

It is also claimed that the first and seventh instructions' assume that Copeland was intoxicated. This criticism is only noticed that upon another trial the instructions may be more carefully worded.

The judgment is reversed because of the incompetent evidence admitted, and the cause is remanded.

*Reversed and remanded.*